ROBERT P. BRADLEY, Retired Appellate Judge.
Review in this case is sought by an extraordinary writ.
Antoinette and Tommy E. Manakides, Jr. were divorced on May 4, 1988. An agreement of the parties relating to child custody and support, alimony, and property division was incorporated into and made a part of the divorce decree.
On August 4, 1988 the former wife filed a petition for the rule nisi, seeking to have the former husband placed in contempt for failure to comply with various provisions of the agreement made a part of the divorce decree. Paragraph 12 of the divorce decree is one of those provisions the former wife contends that the former husband has not complied with, and it is as follows:
“12. The Husband shall pay to the Wife the sum of Forty Thousand ($40,-000.00) Dollars as alimony in gross in satisfaction of his obligation of support and maintenance payable as follows: (1) Ten Thousand ($10,000.00) Dollars payable upon a decree of divorce. (2) The sum of Ten Thousand ($10,000.00) Dollars on November 1, 1988. (3) The sum of Ten Thousand ($10,000.00) Dollars on May 1, 1989. (4) The sum of Ten Thousand ($10,000.00) Dollars on November 1, 1989. If Husband dies prior to full payment as set out hereinabove, the Wife shall be first paid from the Husband’s estate for all remaining monies owed pursuant to this paragraph. This agreement constitutes an integrated bargain between the parties to the extent that the provisions dealing with alimony and property division cannot be modified by the court without a consent of the parties. The Wife does by the execution of this agreement convey all right, title and interest which she may have to any and all property, personal or real, business, stock or other interest which the Hus *985 band may have at the time of the execution of this agreement and any decree entered hereafter, whether contingent or otherwise, or known or unknown, and does fully release the Husband from any future claims for support, maintenance or alimony other than as provided for herein. The Wife further agrees to execute any and all documents necessary to consummate the intent of this paragraph and shall do all things necessary to this end. If the Wife shall fail to comply with the provisions of this paragraph, this agreement shall constitute an actual grant, assignment and conveyance of property, real, personal or otherwise, and rights in such manner, and with such force and effect as shall be deemed necessary to effectuate the terms of this agreement.”
After a hearing the trial court, on January 11, 1989, entered an order holding former husband in contempt for failure to comply with Paragraph 12 of the divorce decree and gave former husband until January 17, 1989 to purge himself by paying $10,000 to former wife. On February 14, 1989 the trial court held another hearing on the rule nisi petition and found, on February 24, 1989, that former husband was in contempt for failure to comply with Paragraph 12 of the divorce decree, fixed the arrearage at $22,730.91, which included interest, and ordered that former husband be taken into custody and placed in the Jefferson County Jail and held until he purged himself by paying the former wife $22,-730.91. No review of this order was sought by former husband.
In September 1989 the former husband filed a “Motion to Quash or Re-Call Writ of Arrest,” alleging that the contempt order was void because it encompassed a money judgment and was, therefore, in violation of Ala. Const, art. I, § 20. Section 20 provides as follows: “That no person shall be imprisoned for debt.” After a hearing the trial court, in October 1989, filed an order holding that Paragraph 12 of the divorce decree was a property settlement rather than an alimony in gross award, set aside the contempt order, and quashed the writ of arrest.
On November 9, 1989 the former wife filed a Rule 59(e), Alabama Rules of Civil Procedure, motion to alter, amend or vacate the October 1989 judgment. The motion alleged that Paragraph 12 of the divorce decree constituted an alimony in gross award and was not a property settlement and consequently, that the trial court’s order of October 1989 was invalid and should be vacated.
After a hearing the trial'court, on January 19,1990, filed an order holding that the order and writ of arrest were final because no review was sought within the appropriate time. The court then set aside the October 1989 order and reinstated the contempt order and writ of arrest as originally issued.
On January 29, 1990 the former husband filed a petition for a writ of mandamus in this court. The mandamus petition alleges that the January 19, 1990 order of the trial court was void for lack of jurisdiction of the subject matter. The former husband’s basic premise is that Paragraph 12 of the divorce decree is a property settlement rather than an award of alimony in gross and, thus, that the contempt order which held Paragraph 12 to be an award of alimony in gross is void.
On February 2, 1990 the former husband filed an original petition for a writ of habe-as corpus in this court, alleging that on February 1, 1990 he had been incarcerated in the Jefferson County Jail in Bessemer, Alabama. He asserted that he had been placed in custody as a result of matters alleged in his mandamus petition. He asked for a stay of the contempt order and a hearing on his petitions for mandamus and habeas corpus. This court granted a stay of the arrest order on February 2, 1990, and a hearing on the petitions was held in this court.
Former husband argues here that the January 19, 1990 order vacating and setting aside the October 1989 order was erroneous and should be vacated. He says that the October 1989 order correctly vacated the order holding him in contempt for failing to make the payments required by *986 Paragraph 12 of the divorce decree. Former husband again is contending that the Paragraph 12 payments were not alimony in gross but, rather, were a property settlement, the payment of which could not be coerced by a contempt order and imprisonment.
The first issue to be resolved here really is whether the trial court had authority, on January 19, 1990, to vacate its order of October 1989. Thus, in this posture of the case, we will proceed to ascertain whether mandamus will apply to the present case.
Mandamus is an extraordinary remedy and should not be granted unless petitioner’s right to relief is clear and there is no other adequate remedy. Ex parte Rogers, 538 So.2d 245 (Ala.1988).
To help us decide whether mandamus will lie in this case, we must first determine whether former husband has a clear right to relief, i.e. whether he has the right to have the January 19, 1990 order vacated.
The record reveals that no Rule 59(e) motion was filed after the order holding former husband in contempt for failing to make the required payments called for in Paragraph 12 of the divorce decree.
The first proceeding filed to question the contempt order was former husband’s September 1989 motion, which we shall consider to be a Rule 60(b)(4) motion. Former husband says in his motion that the contempt order is void because Paragraph 12 of the divorce decree is a property settlement, and, therefore, that he cannot be held in contempt for violating said order.
“A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.”
Smith v. Clark, 468 So.2d 138, 141 (Ala.1985) (citations omitted).
The facts in the case at bar do not support a conclusion that the contempt order is void. The trial court had jurisdiction of the subject matter and of the parties, and nothing in the record suggests that due process was not accorded to the former husband.
Since Rule 60(b)(4) is inapplicable to the facts in the case at bar, we must decide if any other provision of Rule 60(b) applies to the present case. The only other provisions that might apply are 60(b)(5) and 60(b)(6). Since former husband’s September motion was filed more than four months after the contempt order, Rule 60(b)(1), (2), and (3) are not applicable. Campbell Constr. Eng’rs, Inc. v. Covington, 460 So.2d 1236 (Ala.1984).
Rule 60(b)(5) would not apply because the essence of this dispute is that former husband has not satisfied the judgment by paying the former wife the monies pursuant to the divorce decree.
Rule 60(b)(6) is available when grounds are asserted which do not come within the purview of Rule 60(b)(1) through (5), when there are extraordinary circumstances, and when the case involves extreme hardship or injustice. Smith v. Clark, 468 So.2d 138. A simple request asking that a court review its legal conclusions will not trigger relief pursuant to Rule 60(b)(6). City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981).
Based on the above, the October 1989 order was erroneous and properly set aside by the trial court on January 19, 1990.
Since petitioner here had no clear right to have the January 19, 1990 order set aside, the writ of mandamus must be denied.
Former husband also filed a petition for a writ of habeas corpus to review the trial court’s contempt citation and order of arrest and incarceration.
In view of the fact that former husband was no longer in custody at the time of his hearing in this court, we will treat his habeas corpus petition as a petition for certiorari for review purposes.
The scope of review in a contempt case is limited to questions of law and does not extend to the weight and sufficiency of the evidence, but only to whether the decree is supported by some evidence. Pat *987 terson v. Gartman, 439 So.2d 171 (Ala.Civ. App.1983).
Generally there are no statutory limitations upon the authority of a circuit court to compel obedience to its orders. The extent of coercion prescribed is a matter within the discretion of the trial court subject to review only for excessiveness. Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App.1983).
Former husband argues that Paragraph 12 of the parties’ separation agreement that was incorporated into the parties’ divorce decree is a property settlement or a “debt arising out of a contract” as opposed to “alimony.” He states that the trial court could not use imprisonment to coerce the payment of the obligation because of the prohibition of Ala. Const. art. I, § 20: “That no person shall be imprisoned for debt.”
Former husband places great reliance on the assertion that the payments envisioned in Paragraph 12 are “alimony in gross,” as opposed to “alimony,” and that the “alimony in gross” of Paragraph 12 is a property settlement because the former wife transferred her inchoate marital rights in exchange for the payments.
In order to be classified as “alimony in gross,” the payments must meet two criteria: (1) the amount and time of payment must be certain and (2) the right to the payments must be vested and not subject to modification. Le Maistre v. Baker, 268 Ala. 295, 105 So.2d 867 (1958). The former husband was required to make four $10,000 payments at specified times and the obligation was vested because it was enforceable against the former husband’s estate and was not susceptible to modification. Any question over the authority of the trial court to award both periodic alimony and alimony in gross in a divorce suit is long settled. See, Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). We find that Paragraph 12 constitutes alimony in gross.
We must next determine if the award of alimony in gross included in Paragraph 12 is capable of being enforced by a contempt citation and imprisonment.
Our supreme court has stated:
“It is the element of sustenance and support which excludes alimony, in gross or in installments, from the meaning of the word ‘debt’ as used in § 20 of [the Alabama] Constitution.... The duty of a husband to support his wife is a higher duty than a mere contractual obligation, and, like the marriage contract, involves public interest and public policy. — Murray v. Murray [84 Ala. 363, 4 So. 239 (1887) ].”
Thompson v. Thompson, 282 Ala. 248, 254, 210 So.2d 808, 813 (1968). Cf. Pressnell v. Pressnell, 519 So.2d 536 (Ala.Civ.App.1987) (concerns the dischargeable nature of “alimony in gross” in bankruptcy proceedings).
The plain language of Paragraph 12 states: “The Husband shall pay to the Wife [$40,000] as alimony in gross in satisfaction of his obligation of support and maintenance_” (Emphasis added.) We find no error in the determination of contempt and order of imprisonment by the trial court.
Any and all relief sought by former husband is denied and our order, which stayed the contempt citation and caused the former husband’s release from jail, is withdrawn.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975.
WRITS DENIED.
ROBERTSON and RUSSELL, JJ., concur.
INGRAM, P.J., not sitting.