THIGPEN, Judge.
This case involves whether an award of attorney’s fees of $1,500 was proper against the State Department of Human Resources (DHR).
The father of Barbara Ann Scroggins Scott’s children was delinquent in his child support obligation by several thousand dollars. In November 1989, on behalf of Scott, DHR received a judgment wherein an income withholding order was issued in the amount of $350.00 to the father’s employer. The trial court also found the father in contempt and granted a judgment favorable to DHR and against the father in the amount of $3,234.00 for reimbursement of Aid to Families with Dependent Children (AFDC). Neither the support order nor the income withholding order addressed payment of the State’s judgment. In May 1989, DHR’s request to modify was granted to allow some amount to be withheld and paid towards the State’s judgment.
In November 1989, this order was again modified to increase the amount of withholding, and instructions were given to the employer to pay all sums directly to DHR. DHR was instructed to retain $75.00 of that payment for the amount owed to AFDC, and to disburse the remainder to Scott. DHR maintains that it did not receive notice of this amended order. The record reflects that Scott did not receive her June or July 1990 child support payments, totalling $550.00.
In September 1990, Scott filed a petition alleging that DHR willfully and contemptuously refused to obey the court order to forward the support payments to her. Accordingly, Scott asked the court to find DHR in contempt and she requested an attorney’s fee.
The trial court found that DHR did not contemptuously withhold the funds and that DHR was not guilty of contempt for failing to immediately disburse the sums due on the first notice from Scott’s counsel. The court, however, awarded Scott an attorney’s fee in the amount of $1,500.00. In support of its decision to grant her request for an attorney’s fee, the trial court stated,
“[I]t is overwhelmingly clear and convincing to the Court that the Plaintiff would not have received her money had counsel not intervened to the point of filing suit.
*1056 “By undertaking to represent the Plaintiff in the original child support collection action and by virtue of having the money collected paid to the Department [DHR], the Department established a fiduciary relationship in addition to an attorney/client relationship with the Plaintiff. Clearly the attorney representing the Plaintiff in the child support action could not undertake to represent her against the Department to recover the funds as that would be a conflict of interest and she had no alternative but to employ private counsel to represent her in recovering the funds.”
The court further stated that, “An award of fees herein is not an award of damages against the State of Alabama in contravention of the State’s sovereign immunity. Rather, the fee is taxed as court costs and is to be paid by [DHR].”
The State’s motion to stay the execution of court costs was granted, pending the outcome of this appeal. We find that the dispositive issue is whether an award of attorney’s fees was proper in this case, absent a finding that DHR was in contempt. .
From the outset, a point of clarification is necessary regarding the relationship between DHR’s attorney and Scott. When DHR seeks to enforce child support rights, it acts through attorneys with whom it has contracted. Previously, DHR had requested and received an opinion regarding its legal relationship to an AFDC recipient and was advised that in cases where the individual’s right to child support has been assigned to DHR as an obligation owed to the State (AFDC reimbursement), the attorney employed by DHR is representing DHR’s interest, not that of the individual client. Ethics Opinion written by the Office of the General Counsel, concurred in by the Alabama State Bar Disciplinary Commission, RO-87-57. In other words, when an AFDC recipient assigns child support rights to the State, as in the instant case, and the State proceeds to enforce those rights, there is no attorney/client relationship between the attorney enforcing the assigned rights and the AFDC recipient. Ethics Opinion, supra.
Therefore, the imposition of a fiduciary duty on DHR by the trial court in support of its award of an attorney’s fee to Scott, was improper, absent an attorney/client relationship between the parties.
The well-settled law in Alabama governing the award of attorney’s fees is that
“Attorneys fees are recoverable only where authorized by statute or case law, when provided for in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid.”
State Department of Human Resources v. L.P. 586 So.2d 19, 20 (Ala.Civ.App.1991).
Scott relies on the language of the following statute as her only support for the contention that she is entitled to attorney’s fees from DHR:
“In all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending and a contempt of court citation has been made by the court against either party, the court may, of its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties.”
Ala.Code 1975, § 30-2-54.
While the statute is unclear whether DHR is included as “either party” that can be held in contempt in a divorce or child support proceeding, the statute clearly requires a finding by the court that the party is in contempt. In the instant case, the record shows that the trial court did not find DHR in contempt for failing to disburse child support owed to Scott. Therefore, § 30-2-54 does not apply.
Our review of the record fails to disclose evidence of a contract or any of the other enumerated circumstances which would allow an award of attorney’s fees in this case. Accordingly, an award to Scott of attorney’s fees was improper and is due to be reversed. The trial court is instructed *1057 to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.