Beverly Ann Kelly filed a petition for rule nisi, alleging that the State Department of Human Resources (DHR) had failed to abide by an order which had been entered by the trial court on January 31, 1990.
The 1990 order provided that Kelly's former husband, Alvin Bradford Maddox, was to pay Kelly, through DHR, child support payments in the amount of $200 per month for seven years, to begin February 20, 1990. The order provided that DHR was to pay to Kelly $175 and the State $25 of each $200 payment from Maddox, until the State was fully reimbursed for $728 in Aid to Dependent Children (ADC) benefits it had previously paid to Kelly.
Kelly alleged in her petition that DHR, through its agent McCray, had willfully and contemptuously refused to disburse the sums collected from Maddox as required in the trial court's order. Specifically, she alleged that DHR had received a $200 child support payment from Maddox and had subsequently refused to disburse any part of this payment to her. Kelly requested, inter alia, that DHR be ordered to immediately pay her the sums claimed and to show cause why it should not be punished for contempt. Kelly also requested that DHR be ordered to pay a reasonable sum for her attorney's fee.
The undisputed facts reveal that Maddox paid DHR $200 per month in child support payments beginning in February 1990, as provided for in the trial court's January 1990 order; that DHR applied $25 from each of these payments toward a $728 arrearage accrued to the State as a result of its having provided ADC benefits to Kelly; and that the remaining $175 from each payment was then disbursed to Kelly. It is undisputed that Maddox failed to make a payment to DHR during the calendar month of May 1990; however, Maddox made two $200 payments to DHR in June 1990, one on June 5 and one on June 19. DHR distributed $175 of the June 5 payment to Kelly, but refused to send her any part of the payment that it received on June 19, applying all of this amount instead to the ADC arrearage owed to the State. DHR maintained that its policy was to apply all amounts received in any one month in excess of the required monthly support payment toward any arrearage owed. Kelly argued, however, that the trial court's order required that $175 of Maddox's second $200 payment be paid to her for the May payment that Maddox had failed to make. DHR refused to pay Kelly the $175, and she employed an attorney to pursue her claim. After DHR continued to refuse payment, this contempt action was filed.
On the date of the hearing, after preliminary discussions, the trial court asked for the first witness. Kelly's attorney informed the trial court that he did not know if they had any factual dispute, whereupon, the attorney for DHR stated that "really there's no dispute about what DHR did with that second payment, or the fact that it was a second payment of $200. So I don't know that there's any evidence that the court needs to take."
After lengthy argument by the attorneys for Kelly and DHR, the trial court took the matter under advisement and, thereafter, entered a judgment that held that:
 "1. The Alabama Department of Human Resources be, and it is hereby adjudged in contempt of this court in failing to comply *Page 740 
with the order of this court . . . dated January 31, 1990, in the distribution of the June 19, 1990, $200 child support payment made by Alvin Bradford Maddox.
 "2. . . . Beverly Ann Kelly is hereby awarded a judgment against the Alabama Department of Human Resources in the amount of $175.
 "3. . . . Beverly Ann Kelly is hereby awarded [an] attorney's fee in this case, and the Alabama Department of Human Resources is hereby ordered to pay C. Park Barton, Jr., Attorney at Law . . . $2,162.50 for such services."
DHR appeals and raises the following issues: 1) whether an action seeking compensatory relief and attorney fees from the State of Alabama DHR is barred by art. I, § 14, of the Alabama Constitution, and (2) whether the trial court abused its discretion by finding DHR to be in contempt.
 I
DHR asserts that it is immune from suit pursuant to the doctrine of sovereign immunity and Ala. Const., art. I, § 14, which provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." However, our supreme court has recognized that there are certain established exceptions to the protection afforded the state or its agencies by sovereign immunity. Those four general categories of actions that our supreme court has held do not come within sovereign immunity are (1) actions brought to compel state officials to perform their legal duties; (2) actions brought to enjoin state officials from enforcing an unconstitutional law; (3) actions to compel state officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgment Act. Aland v.Graham, 287 Ala. 226, 250 So.2d 677 (1971).
Our supreme court recently addressed the doctrine of sovereign immunity in State Highway Dep't v. MiltonConstruction Co., 586 So.2d 872 (Ala. 1991). In Milton our supreme court held that a construction company's suit was not barred by the doctrine of sovereign immunity, because it was in the nature of an action to compel a state officer to perform a legal duty. Black's Law Dictionary (5th ed.) defines the term "legal duty" as "[a]n obligation arising from contract of the parties or the operation of the law. . . ."
We find that the instant case falls under the recognized "legal duty" exception to the protection afforded the state or its agencies. Here, pursuant to the trial court's 1990 order, DHR was legally obligated to withhold only $25 from each $200 monthly payment received from Maddox and to pay the remaining $175 to Kelly. When DHR refused to do so with the second $200 payment received in June 1990, it failed and refused to perform a legal duty lawfully imposed upon it by the January 1990 order of the trial court. Consequently, we hold that Kelly's action against DHR was not barred by art. I, § 14, of the Alabama Constitution.
 II
DHR maintains that even if Kelly's suit was not barred by the doctrine of sovereign immunity, the trial court nonetheless abused its discretion by finding DHR to be in contempt. DHR contends that it was following federal regulations and state policy by refusing to pay Kelly the $175 payment. The trial court found that
 "such a . . . policy would discourage a person from overcoming an arrearage in the form of a missed payment such as this and, in fact, might force him into an apparent contempt. . . . Such a policy would be arbitrary and capricious and should not be sanctioned as acceptable by the courts."
We also note that such a policy would penalize a mother by DHR's withholding her disbursement(s) if the father, having already paid the present month's support payment, paid a day or two early before the first day of the following month, or for any reason the father might make multiple support payments within a calendar month.
Whether a party is in contempt of court or has failed to abide by the provisions of a trial court's order is a determination committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App. 1991). Our review in a contempt case is limited to questions of law and does not involve an inquiry into the weight and *Page 741 
sufficiency of the evidence, and we must affirm the trial court if the judgment of contempt is supported by some legal evidence. Lundy; Norland v. Tanner, 563 So.2d 1055
(Ala.Civ.App. 1990).
We have reviewed the record and the arguments propounded in DHR's appellate briefs and find DHR's contention that it was required to apply the second $200 June payment to the ADC arrearage to be unpersuasive. By the terms of the trial court's order, DHR was clearly required to pay Kelly $175 from each $200 payment. Accordingly, we cannot find that the trial court's judgment was not supported by some evidence that DHR was in contempt.
DHR neither raises nor argues on appeal the issue of the award of an attorney's fee; however, it cites this court's recent case of State Dep't of Human Resources v. Scott,601 So.2d 1054 (Ala.Civ.App. 1992), for the proposition that absent a finding of contempt there is no basis for awarding an attorney's fee. In Scott, we found the dispositive issue to be whether an award of attorney's fees was proper absent a finding that DHR was in contempt. Kelly found it necessary to seek the services of an attorney in this civil contempt proceeding to recover the $175 in child support that DHR had refused to disburse to her. Our supreme court has held that a reasonable attorney's fee may be awarded to the prevailing prosecuting party in a civil contempt proceeding. Moody v. State ex rel.Payne, 355 So.2d 1116 (Ala. 1978). The trial court's judgment is affirmed.
Having addressed the issues raised in this appeal, in view of the dissenting opinion the majority must point out that no party to this appeal questions that this is a civil contempt proceeding.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in part and dissents in part.