Douglas J. Balfour ("the father") appeals from the trial court's judgment holding that the Marital Property Act of the State of Wisconsin, where he presently resides, does not apply to calculations of child support under Alabama's child support guidelines, Rule 32, Ala.R.Jud.Admin. We affirm.
Linda M. Booth Balfour ("the mother") has custody of the parties' minor child; they reside in Alabama. The father raises no issue regarding either jurisdiction or the effect of an Alabama judgment against him.
The father cites Wis.Stat. § 766.31(3) (1993-94), which provides that "[e]ach spouse has a present undivided one-half interest in each item of marital property." Wisconsin law, he contends, gives his present wife, who is not "a parent" of the minor child, one-half of his income, and thus, he argues, it was error for the trial court to consider all of his gross income as reported in his 1993 Federal Income Tax Schedules C and E in the computation of child support pursuant to the guidelines. See Rule 32, Ala.R.Jud.Admin., Form CS-42. The effect of the father's argument would, of course, exclude one-half of his income from child support calculations.
Our review of the relevant Wisconsin statutes does not lead to that conclusion. Wis.Stat. § 766.55(2)(c)1. (1993-94) states:
 "An obligation incurred by a spouse before or during marriage that is attributable to an obligation arising before marriage or to an act or omission occurring before marriage may be satisfied only from property of that spouse that is not marital property and from that part of marital property which would have been the property of that spouse but for the marriage."
(Emphasis added.) In this case the child support obligation arose before the father's present marriage, and, except for that marriage, his entire gross income would be included in child support calculations under Alabama's guidelines.
Additionally, Wis.Stat. § 46.25(9)(a) (1993-94) states that the department of social services "[s]hall promulgate rules that provide a standard for courts to use in determining a child support obligation based upon a percentage of the gross income and assets of either or both parents." Wis.Admin. Code, § HSS 80.04 (Feb. 1995), which contains examples of child support calculations in special circumstances, provides an example in which one parent has remarried and children result from that new marriage. Although the non-custodial parent receives a deduction for support of the new family, the example does not provide for a shield of one-half of the payor's gross income in the calculation of child support pursuant to Wisconsin law.
The primary consideration in fashioning a child support award is the welfare and best interests of the child. Capper v.Capper, 428 So.2d 86 (Ala.Civ.App. 1983). Alabama's child support guidelines are founded on the premise that the child's standard of living should not be adversely affected because of the separation of the child's parents. Comment, Rule 32, Ala.R.Jud.Admin. The trial court's decision, in accord with our own guidelines and consonant with the Wisconsin provisions, supports that premise, and it was not error.
The father also questions the trial court's addition of health insurance costs to his child support obligation, given that the mother's present husband has the minor child covered by the group medical insurance issued through his employer. The income statement that the mother filed with the trial court discloses that the minor child's medical insurance costs $78 per month. Rule 32(A)(4), Ala.R.Jud.Admin., provides:
 "All orders establishing or modifying child support shall, at a minimum, provide for the children's health care needs through health insurance coverage or other means. Normally, health insurance covering the children should be required if it is available to either parent through his or her employment or pursuant to any other group plan at reasonable costs." *Page 1017 
(Emphasis added.) The health plan here is available to the mother through her present husband's employment, but the cost of covering her child is not his obligation. Under the guidelines, that obligation belongs to the child's parents, and the trial court recognized that fact. Rule 32(B)(7) provides explicit guidance regarding the inclusion of health insurance costs in child support calculations and the proportionate division of those costs between the parents. The trial court properly followed the guidelines; thus its inclusion of the father's proportionate share of the cost of medical insurance covering the child in its calculation of child support was not error.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the Judges concur.