The parties were divorced in 1985. The mother was awarded custody of the parties' minor child, and the father was ordered to pay $120 per month in child support. In 1990, the judgment of divorce was modified by agreement, and the father's child support obligation was increased to $175 per month.
In 1995, the State Department of Human Resources (the "department"), pursuant to the Child Support Act of 1979, §38-2-2 et seq., Ala. Code 1975, filed a petition to modify the child support provisions. The department represents its interest rather than the mother's. State Dep't of HumanResources v. Scott, 601 So.2d 1054 (Ala.Civ.App. 1992).
After a hearing on February 5, 1996, the trial court amended the prior order to increase the father's child support obligation to $225 per month until July 1, 1996; then to $300 per month until January 1, 1997; and, thereafter, to $365 per month.
The father filed a post-trial motion seeking a reduction in the amount of support ordered because, he claimed, the trial court had not followed Rule 32(B)(6) and (7), Ala. R. Jud. Admin., in computing his child support obligation. The father attached to his motion a copy of an "Order of Support" issued by the Houston Circuit Court on June 8, 1994, in Case No. DR-90-716, directing the father to pay $423 per month for the support of two other children born or adopted after the initial order of support entered in this case. The father also attached Form CS-42, indicating that he had a preexisting child support payment of $423, as well as a monthly health insurance premium of $139.71 to cover the minor child in this case. The trial court denied the post-trial motion, and the father appealed.
The department argues that the father failed to raise at trial the issue of his entitlement to a deduction for another child support obligation; it contends that the father first brought that issue to the trial court's attention in his post-trial motion. Although the court reporter's transcript of the modification hearing does not reflect any mention by any party of Rule 32(B)(6), or of a claimed deduction for a prior order of support, the father's post-trial motion alleges the following:
 "[T]his Honorable Court erroneously stated at the February [5], 1996 hearing that both of the children in DR-90-716 were born subsequent to the child in this cause and therefore [the father] is not entitled to credit in this cause. Rule 32(B)(6) states as follows:
 " 'If the proceeding is one to modify an existing award of support, no deduction should be made for other children born or adopted after the initial award of support was entered, except for support paid pursuant to another order of support.' "
(Emphasis in original.) In response to the father's post-trial motion, a deputy district attorney in the Montgomery Child Support Enforcement Unit admitted that "all issues presented in [the father's] Motion for New Trial were previously presented to this Honorable Court at the February 5, 1996 hearing." A fact admitted in pleadings need not be proven by the other party. Roobin v. Grindle, 219 Ala. 417, 122 So. 408 (1929). The response further admitted:
 "2. The argument [the father] makes now was made in Court on February 5, 1996, and this Honorable Court ruled against [the father].
 "3. The order [the father] would rely on in support of his motion was issued on June 8, 1994.
 "a. The original order in this case was issued on January 26, 1990, and has precedence over the subsequent 1994 Houston County order.
 "b. If any credit is due, credit for this order might be due against the Houston *Page 297 
County order. To read Rule 32 otherwise would allow defendants with multiple cases to run from jurisdiction to jurisdiction lowering orders by getting credit against each outside order.
 "4. Defense Counsel is wrong when he claims this Honorable Court is in error. There are two children from DR-90-716 (a subsequent divorce). The girl who is older was adopted subsequent to the divorce in this case. The boy was born subsequent to this divorce."
Based on the foregoing pleadings, it is apparent that the father argued at trial, and that the trial court rejected, the father's claimed entitlement to a credit for child support paid pursuant to the Houston County order.
We agree with the father that Rule 32(B)(6) allows the child support paid pursuant to the Houston County order to be deducted from the father's gross income in determining the amount due on modification of the Montgomery County order. SeeRolen v. Pickering, 628 So.2d 850, 852 (Ala.Civ.App. 1993);Loggins v. Houk, 595 So.2d 488, 489 (Ala.Civ.App. 1991). The answer to the department's argument that the father should seek credit in Houston County for the support he pays pursuant to an order issued in Montgomery County is found in the wording of the first sentence of Rule 32(B)(6), which states:
 "The amount of child support actually being paid by a parent pursuant to an order for support of other children shall be deducted from that parent's 'gross income.' "
(Emphasis added.) In the 1994 Houston County case, the father would have been entitled to deduct from his gross income the amount of child support he was paying pursuant to the support order issued in 1990 in the Montgomery County case. In this, the Montgomery County modification case, the father is entitled to deduct $423, the amount of the Houston County support order, from his gross income, according to the last sentence of Rule 32(B)(6). "If the proceeding is one to modify an existing award of support, no deduction should be made for other children born or adopted after the initial award of support was entered, except for support paid pursuant to another order of support." Rule 32(B)(6) (emphasis added). We conclude that the father is entitled to the $423 credit and that the trial court erred by failing to compute his child support obligation pursuant to Rule 32(B)(6). The department's argument that the father is not entitled to deduct child support he pays pursuant to the Houston County order is contrary to the clear language found in Rule 32(B)(6) pertaining to modification proceedings.
We therefore reverse the trial court's modification order and remand this cause with the following directions: the trial court must recalculate the father's child support obligation, allowing the father a deduction of $423 (the amount of support paid for the father's other children pursuant to an order of the Houston circuit court) from his monthly gross income. The record before us contains no evidence to support the father's contention that he is also entitled to a credit of $139.71 for a health insurance premium covering the child who is the subject of this modification action. On remand, the trial court should also determine whether the father is paying a monthly health insurance premium for the benefit of the child in Montgomery County and should decide what, if any, additional adjustment in the father's child support obligation is due. See Rule 32(B)(7), Ala. R. Jud. Admin.
The father has not requested an attorney fee on appeal. Had he made such a request, this court would have granted it.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
THIGPEN, J., not sitting. *Page 298