This is a child-support and postdivorce modification case.
The parties were divorced in September 1997. The divorce judgment awarded the parties joint legal and physical custody of their minor child, with a provision that primary physical placement would be with the mother after the child had attained school age. In addition, the court ordered *Page 157 
the father to pay $622 per month in child support, in accordance with the Child Support Guidelines of
Rule 32, Ala. R. Jud. Admin.; ordered the father to provide health insurance for the child; and awarded the mother $5,000 as alimony in gross, payable in monthly installments of $100.
In November 1998, the mother moved for a modification and to have the father found in contempt, and she asked for other relief, alleging, among other things, that the father had violated the divorce judgment by harassing her and by failing to pay alimony and to make payments toward other debts, as required by the judgment. The father counterclaimed for a modification of child support, alleging that he was disabled and unable to pay his current child-support obligation. Both parties filed several additional motions; following an ore tenus proceeding, the court entered an order in December 1999, stating, in part:
 "3. That the [father] has only paid $300.00 of the $5,000.00 alimony in gross awarded to the [mother]. That the [father] has the ability to pay said alimony and also has the ability to purge himself of contempt and is therefore found to be in willful and contumacious Civil Contempt of Court for failure or refusal to abide by the Orders of this Court.
". . . .
 "5. That the [father] requests a modification in Child Support in that he is now on full disability as a result of his physical limitations as previously noted in the Judgment of Divorce. Said request is due to be granted and Child Support recalculated per Rule 32, Ala. R. Jud. Admin.
 "That the [mother] seeks to have the [father's] Petition for Modification denied based on the argument that the [father's] disability income is nontaxable and therefore his take home income is approximately the same as when he was employed. The [mother] having failed to submit any proof to bolster this position, the Court is without authority to grant her request on this basis."
The court awarded the mother a $4,700 judgment for unpaid alimony in gross and ordered the father to pay the judgment in full within six months from the date of the judgment or be incarcerated. The court also reduced the father's child-support obligation to $345 per month, based on the father's recalculated income. Both parties filed postjudgment motions; the court entered an amended order in March 2000, stating:
 "1. That the parties stipulated that the [father's] disability income is nontaxable.
 "2. That Child Support as previously calculated in the original divorce and in the modification per Rule 32, was in error due to the Court's failure to include the child support paid by the [father] ($300.00) for a child from a prior marriage.
 "3. That upon a recalculation of the Child Support, to include the [father's] prior child support, his Child Support in the original Judgment of Divorce, and in the Order for Modification per Rule 32, in this action, would have been $478.00 and $310.00 respectively.
 "4. That as a result of the Court's failure to include the [father's] payment of child support in the calculation of Child Support in this original Judgment and the failure of the [father] to bring that to the court's attention, he has been paying $144.00 per month more than the Guidelines called for per the Judgment of Divorce, and $35.00 per month more per the Order for Modification.
 "5. That the [mother] argues that although the [father's] gross income is reduced, . . . his net income is virtually unchanged due to the fact that the [father's] income is not taxed. Therefore, [she says,] there should be a deviation or the [father's] Petition to Modify Child Support should be denied.
 "6. That due to the [father's] net income remaining virtually unchanged and *Page 158 
that the Child Support Guidelines operate on the assumption of a person's income being taxed, the Court agrees that there should be a deviation.
 "7. That the [father] has the ability to pay Child Support in the amount of $450.00 per month which should adequately meet the needs of the minor child."
The court denied the father's postjudgment motion on April 17, 2000. The father appealed, arguing that the court erred in deviating from the Child-Support Guidelines; in failing to give him credit for medical insurance provided through his current wife's employment; and in finding him in contempt for his failure to pay alimony in gross and ordering him incarcerated.
The mother testified that the father had made three payments from October through December 1997; that she was owed $4,700 in back alimony in gross; and that she was owed back child support for one and one-half months. She stated that she currently worked part-time, earning approximately $6.50 per hour. The mother filed a bankruptcy petition in May or June 1998, because, she said, she was unable to meet her monthly financial obligations.
The father stated that he had been employed at Southern Tool Company, earning approximately $4,000 per month; that he had begun receiving 60% of his earnings in June 1999; and that he currently received a monthly disability check for $2,507 from Prudential Insurance Company. The father suffers from gastric cancer and Duncan's Syndrome; these problems required the removal of 90% of his stomach. He stated that he would be unable to return to any kind of gainful employment in the future. At a subsequent postjudgment hearing, the father testified that he had received $6,023 as a lump-sum payment from his 401(k) plan and that he made no alimony payments from this disbursement, but used the money for living expenses. He also stated that he had been making child-support payments of $345 since the January 2000 order and that he had paid $300 per month for a prior child-support obligation. The court also heard testimony indicating that the father's current wife had provided family health insurance and that she paid $192.83 per month through her employer, because the father was no longer able to provide health insurance after his employment had terminated.
 Child Support
Our standard of review in a case involving a modification of a child-support order is well settled. Matters related to child support, including subsequent modifications of a child-support order, rest soundly within the trial court's discretion and will not be disturbed on appeal, absent a showing that the ruling is unsupported by the evidence and thus is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505
(Ala.Civ.App. 1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). A child-support award may be modified upon a showing of a material change of circumstances that is substantial and continuing. Id. ; State ex rel. Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). "Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child." Id., at 518. The primary consideration in awarding child support is the welfare and best interests of the child. Balfour v. Balfour, 660 So.2d 1015
(Ala.Civ.App. 1995).
This court has further held that a trial court is required to determine if a deduction is to be allowed in a monthly child-support obligation based on the fact that health-insurance premiums are being paid on behalf of the child in accordance with Rule 32(B)(7), Ala. R. Jud. Admin. See Jordan v. Jordan, 688 So.2d 839 (Ala.Civ.App. 1997), Kennamore v. State ex rel. Jinnette, 686 So.2d 295 (Ala.Civ.App. 1996).
After thoroughly reviewing the record, we conclude that the court did not abuse its discretion in deviating from the child-support guidelines to determine the *Page 159 
father's obligation; however, the court may have erred in not allowing the proper deduction for health insurance provided by the father's wife. See Balfour, supra. We note that the court heard testimony indicating that the father's wife obtained health insurance through her employment and that she pays $192.83 per month for family coverage, which includes the child. We, therefore, reverse the child-support portion of the judgment and remand the case for the court to determine whether the father is entitled to an additional adjustment in his child-support obligation in accordance with Rule 32(B)(7).
 Alimony
It is within the sound discretion of the trial court to determine if a party has failed to abide by the provisions of a divorce judgment. Nathan v. Nathan, 680 So.2d 339 (Ala.Civ.App. 1996). The father's testimony tended to indicate that he had failed to pay alimony in gross because the mother had filed a bankruptcy petition and he no longer felt obligated to make the alimony payments. The father also testified that although he had received a lump-sum payment of $6,023 after the divorce and had received disability income of $2,500 per month, he had made no payments since the court had entered its subsequent orders. We conclude that the court did not err in finding the husband in contempt and in ordering him incarcerated if he failed to pay the $4,700 within six months of the court's order. See Varner v. Varner, 662 So.2d 273
(Ala.Civ.App. 1994); Ex parte Manakides, 564 So.2d 983 (Ala.Civ.App. 1990). We, therefore, affirm that finding and that order.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.