[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 846 
This case concerns a request to increase child support and to otherwise modify a judgment of divorce.
Stephen L. Volovecky ("the father") and Jennifer A. Volovecky Hoffman ("the mother") were divorced in 1997 by a judgment of the Baldwin Circuit Court. The judgment of divorce, which incorporated an agreement of the parties, awarded the parties joint legal custody of their two children; awarded primary physical custody of the children to the mother; granted visitation rights to the father; ordered the father to pay child support in the amount of $478 per month; ordered the father to provide health insurance covering the children; and ordered that the mother was entitled to the tax exemption on both children as long as at least one child was enrolled in a parochial grade school or a Catholic high school.
The mother initiated the present action on April 15, 2002, by filing a petition[1] to modify the judgment of divorce to increase the amount of child support, a petition for a rule nisi alleging that the father was in arrears in his child-support obligation in an amount exceeding $20,000, and a motion to change venue to Mobile County, where the mother and the children were residing. The trial court denied the motion to change venue.
On June 25, 2002, the father filed a response to the mother's petition to increase child support, a response to her petition for a rule nisi, and his own petition for a rule nisi alleging difficulties in obtaining the visitation granted to him under the judgment of divorce.
On January 17, 2003, the mother filed an amendment to her petition to modify the judgment of divorce. In that amendment, the mother sought to become the party responsible for providing health insurance for the children, requested reimbursement for certain extraordinary medical expenses, requested that the father be ordered to contribute toward the expenses of private-school education for the children, and requested an award of attorney fees.
On July 28, 2003, the mother filed a second amendment to her petition to modify the judgment of divorce. In that second amendment, the mother sought a reduction in the father's summer visitation from six consecutive weeks to four nonconsecutive weeks, sought other modifications to the father's visitation rights, and requested attorney fees. The father filed a response asserting, among other things, that the mother was attempting to achieve a postponement of the father's summer visitation until after the start of school, and thereby to effectively reduce his visitation for that summer.
An ore tenus hearing was held on July 31, 2003, and testimony was presented by the mother, the father, and a psychologist who had treated the parties' daughter and who offered opinions concerning modification of the visitation schedule.
The trial court rendered a written judgment that was signed on August 19, 2003, and entered on August 28, 2003. The judgment declared that neither party was in contempt; declared that the father was current on his child-support obligation; modified the father's visitation rights, but *Page 847 
did not reduce the number of weeks of summer visitation; increased the father's child-support obligation to $879.46 per month; refused to make the increase in child support retroactive; denied the mother's request that the father contribute to the children's private-school expenses; and ordered the parties to pay their own attorney fees.
Both parties filed motions to alter, amend, or vacate the judgment. Following a hearing on October 31, 2003, the trial court granted the father's motion in part, increasing the amount of the health-insurance premium credited to the father, and consequently reducing the amount of his child-support obligation to $825 per month. The mother's postjudgment motion was denied. The father appeals and the mother cross-appeals.
The father is an electrician who earns approximately $2,752 per month. He has changed employers several times since the entry of the judgment of divorce. Since the parties' divorce, he has remarried and has a young child by his current wife; his current wife was also pregnant at the time of the hearing.
The father's current wife is employed, and the court-ordered insurance covering the parties' children is provided through her employer. The premium for that insurance is $343.84 per month. The father testified that he reimburses his current wife for the cost of that insurance, although no documentation for this reimbursement was introduced at trial.
The mother was, at the time of the divorce, employed as a legal secretary earning approximately $1,204 per month. The mother has since remarried and is no longer employed. At the time of the hearing, she was pregnant with a child by her current husband, who is an attorney. Her current husband is providing insurance through his law firm that covers the mother and the parties' children. The premium for that insurance is $579 per month. There is no evidence in the record that the mother reimburses her current husband for that premium.
The increase in the father's child-support obligation, as reflected in the judgment now on appeal, resulted from the trial court's preparation of a Form CS-42 in which the court computed child support based upon the payment by each party of the health-insurance premiums that they, or their current spouse, were paying. The father contends in this appeal that the trial court abused its discretion by giving the mother credit for health insurance provided by her current husband, which credit had the effect of increasing the father's child-support obligation; that the payment of two premiums for duplicative health-insurance policies resulted in an unreasonable cost for health insurance for the children; and that the increase in child support was an abuse of discretion.
The mother contends in her cross-appeal that the trial court erred in failing to require the father to contribute to the cost of private-school education for the children, in not making the increase in child support retroactive, and in failing to award her attorney fees.
 "Our standard of review in a case involving a modification of a child-support order is well settled. Matters related to child support, including subsequent modifications of a child-support order, rest soundly within the trial court's discretion and will not be disturbed on appeal, absent a showing that the ruling is unsupported by the evidence and thus is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App. 1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). A child-support award may be modified upon a showing of a material change of circumstances that is substantial and continuing. Id.; State ex rel. *Page 848 Shellhouse v. Bentley, 666 So.2d 517 (Ala.Civ.App. 1995). `Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child.' Id., at 518. The primary consideration in awarding child support is the welfare and best interests of the child. Balfour v. Balfour, 660 So.2d 1015 (Ala.Civ.App. 1995).
 "This court has further held that a trial court is required to determine if a deduction is to be allowed in a monthly child-support obligation based on the fact that health-insurance premiums are being paid on behalf of the child in accordance with Rule 32(B)(7), Ala. R. Jud. Admin. See Jordan v. Jordan, 688 So.2d 839 (Ala.Civ.App. 1997), Kennamore v. State ex rel. Jinnette, 686 So.2d 295 (Ala.Civ.App. 1996)."
Jackson v. Jackson, 777 So.2d 155, 158 (Ala.Civ.App. 2000).
In order to obtain an increase in child support, the mother had the burden of establishing a "material change of circumstances that is substantial and continuing." Romano v. Romano,703 So.2d 374, 375 (Ala.Civ.App. 1997). The mother, however, presented essentially no evidence of a material change in circumstances, other than evidence relating to health-insurance premiums and a few conclusory statements about children becoming more expensive as they grow older.[2] The record shows that the father's child-support obligation, as computed under Rule 32, Ala. R. Jud. Admin., would not materially increase without the inclusion of both parties' insurance premiums in the calculation. Thus, the disposition of the issue of child support in this case turns on whether it was error for the trial court to include both parties' premiums in the child-support calculation.
We find that the trial court abused its discretion in computing the father's child-support obligation based on the inclusion of both parties' health-insurance premiums, where only the father was required to provide coverage. As noted, the pertinent provision of the original judgment of divorce imposed on the father the obligation to provide health insurance covering the children. That provision was not modified in the judgment now on appeal; there is no provision in the current judgment requiring the mother to provide health insurance for the children.
Our conclusion is buttressed by consideration of two provisions of Rule 32(A). The first is Rule 32(A)(4), which provides that health insurance should be required if available at a reasonable cost. The father contends, and under the facts presented here, we agree, that the combined premiums for both policies, which total $922.84 per month, is not reasonable. We note that the combined premiums are more than two and one-half times the premiums on the father's policy.
Secondly, we note that Rule 32(B)(7)(a) provides that the "actual cost of a premium to provide health insurance benefits" shall be included in the formula for calculating child support. (Emphasis added.) This rule does not appear to contemplate, certainly not expressly, the calculation of child support based on the payment of premiums for overlapping or duplicate policies of health insurance. Ordinarily, a child-support obligation will be calculated using the premium for a single health-insurance policy covering medical expenses.[3] *Page 849 
Although the trial court made no written findings concerning insurance coverage, the mother argues that the court could have considered a previous lapse in dental coverage when it prepared its CS-42 form in the manner it did. Rule 32(B)(7)(d) provides that, if there is a lapse in coverage, the court may find the obligor liable for medical expenses that would have been covered, or may "enter such other order as it shall deem appropriate."
As previously noted, the judgment of divorce, entered in 1997, ordered the father to provide health insurance covering the children. In or around 1998, the dental coverage on the children lapsed for approximately one month, which resulted in significant uninsured dental expenses for the parties' son. There is no evidence, however, indicating that the lapse was deliberate, and it is undisputed that the father or his parents paid for all of the dental expenses incurred during the lapse period. Moreover, there is no evidence of any lapses in coverage since the 1998 incident. The mother testified that insurance had always been available when she took the children to the doctor.
To the extent the trial court focused on maximizing coverage for the children, it failed to give adequate consideration to the increased financial burden on the father, to the Rule 32 guidelines, and to the mother's burden of establishing a material change in circumstances. Moreover, any concern regarding the lapse is diminished by the delay of three or four years in raising the issue and by the absence of any similar incidents in the interim. Finally, we note that the inclusion of both premiums in the child-support calculation had the economic result of requiring the father to pay 64% of the premiums for health insurance covering the mother, the mother's new husband, and the children of her new family. Those are expenses that the mother's new husband would have incurred in any event.
In light of the foregoing, we conclude that it was an abuse of discretion for the trial court to incorporate in its calculation of the father's child-support obligation the health-insurance premiums paid by the mother's new husband.
The mother contends in her cross-appeal that the trial court erred in failing to order the father to contribute to the expenses of private-school education for the children; in refusing to order a retroactive increase in the father's child-support obligation; and in failing to award the mother an attorney fee.
The mother argues that the children were enrolled in private school by agreement of the parties and that it would therefore be equitable for the father to be required to begin contributing to the cost of the children's private-school education.[4] The record contains no evidence indicating that the educational expenses have increased beyond the levels contemplated in the parties' original agreement. Most of the mother's argument concerns the fact that her entitlement to the tax exemption for the children is impermissibly conditioned on enrollment of at least one child in a parochial or Catholic school. To the extent that she is challenging the original judgment of divorce, her argument is an impermissible collateral attack on that judgment.Duke v. Duke, 872 So.2d 153, 156 (Ala.Civ.App. 2003); Amie v.Conrey, 801 So.2d 841, 846 (Ala.Civ.App. 2001). Alternatively, to the extent the mother seeks *Page 850 
a modification of the original judgment of divorce, she was required to prove a "material change of circumstances that is substantial and continuing." Romano, 703 So.2d at 375; Rule 32(A)(3)(a), Ala. R. Jud. Admin. We conclude from our review of the record that the mother did not meet that burden. Therefore, we affirm the trial court's refusal to modify the judgment of divorce regarding the cost of private-school education.
The mother's second contention is that the increase in the father's child-support obligation should have been made retroactive to the date the petition to modify was filed. This is a decision committed to the sound discretion of the trial court.Rogers v. Sims, 671 So.2d 714, 717 (Ala.Civ.App. 1995). The record reflects that much of the delay in obtaining a judgment from the trial court resulted from the mother's filing of numerous motions. At least one continuance resulted from scheduling problems of the mother's attorney. We conclude that there was no abuse of discretion in denying the mother's request to make the increase in the father's child-support obligation retroactive.
The mother's third contention is that the trial court erred in failing to award her attorney fees. The award of attorney fees is within the sound discretion of the trial court and will not be reversed unless an abuse of discretion is shown. Murray v.Murray, 598 So.2d 921, 922-23 (Ala.Civ.App. 1992); Amie,801 So.2d at 847. Based on our review of the record and the trial court's judgment, we do not find an abuse of discretion in the trial court's decision to have both parties pay their own attorney fees in this case.
In light of the foregoing, we reverse that portion of the trial court's judgment increasing the father's child-support obligation, and we remand the cause for the trial court to recompute child support incorporating only the premium on the health insurance provided by the father. We affirm those aspects of the trial court's judgment challenged by the mother in her cross-appeal.
APPEAL — REVERSED AND REMANDED.
CROSS-APPEAL — AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., concurs in the result, without writing.
[1] Although it was styled as a "motion," the trial court properly treated the document filed by the mother on April 15, 2002, as a petition that initiated a new action. The mother paid the requisite filing fee with the petition, and it was docketed as case number DR-97-410.01. The original divorce action was assigned case number DR-97-410.
[2] As discussed below, the mother did testify as to additional expenses of private-school education, but those expenses were contemplated in the original judgment of divorce.
[3] We do not foreclose the possibility of a case in which it would be appropriate to impose on both parents an obligation to provide insurance covering the children, even if there is some degree of overlap in the policies. Similarly, in an appropriate case, the trial court may change which party is responsible for providing health-insurance coverage for the children. For reasons more fully discussed below, however, we do not see this as such a case. In any event, the trial court did not do either of these things in its judgment.
[4] At the time of the judgment now on appeal, the children were ages 8 and 10.