MOORE, Judge.
 

 Warren J. Tyson (“the husband”) appeals from a judgment entered by the Russell Circuit Court divorcing him from Tammy A. Tyson (“the wife”). We affirm in part and reverse in part.
 

 On July 14, 2006, the wife filed a complaint for a divorce from the husband. In her complaint, the wife requested that the trial court award her, among other things, pendente lite and sole custody of the parties’ minor child, who was born on October 1, 1996, as well as pendente lite and permanent child support. On July 31, 2006, the husband answered the complaint and counterclaimed for a divorce, requesting, among other things, that the trial court award the parties joint custody of the minor child and award the wife child support in accordance with the child-support guidelines of Rule 82, Ala. R. Jud. Admin.
 
 [1]
 
 On August 10, 2007, the trial court ordered the husband to pay pendente lite child support in the amount of $1,000 per month commencing as of August 1, 2007. On October 18, 2007, the wife filed an amendment to the divorce complaint asserting that the husband had failed to pay the pendente lite child support and requesting that the husband be held in contempt. She also requested that the husband be required to pay retroactive child support from the date the initial complaint for a divorce was filed.
 

 The ease was called for trial on December 13, 2007. At the beginning of the trial, the parties’ attorneys represented to the trial court that there was no dispute as to the issues of custody and child support. The parties agreed to sharing joint legal custody, with the wife having primary physical custody and the husband having an open visitation schedule. The husband’s attorney represented that the husband agreed to pay child support in accordance with the child-support guidelines.
 

 On February 5, 2008, the trial court entered a judgment of divorce that stated, in pertinent part:
 

 “... The parties announced to the Court that they had reached an agreement and the Court is of the opinion and finds that it has jurisdiction of the parties and of the cause of action.
 

 “It is therefore, ORDERED, ADJUDGED AND DECREED:
 

 [[Image here]]
 

 “3. That the [wife] and [the husband] are awarded the joint legal custody of the minor child of the parties, ... with the [wife] having primary custody and the [husband] having secondary custody with visitation rights ....
 

 [[Image here]]
 

 “4. The [wife] is awarded the real estate located [in] Salem, Alabama, and she will continue to pay the indebtedness owed thereon. There is currently a lease on said property and the lease is hereby assigned and transferred to the [wife] free and clear of any claims of the [husband]. Starting with the month of January 2008, the [wife] shall be entitled to all rental payments due under the
 
 *9
 
 lease of said property along with all other rights and obligations under the existing lease. The [husband] shall have the right to use and maintain the existing hay field on the property for the use and benefit of the horse of the minor child. In the event the [wife] decides to sell the real estate, the [husband] shall have the first right of refusal.
 

 “5. For the use and benefit of the minor child, the [husband] shall pay child support to the [wife] in the amount of One Thousand Two Hundred Fifty and NO/lOO ($1,250.00) Dollars per month, in accordance with the Alabama Child Support Guidelines.... The [husband] is ordered to pay retroactive child support beginning the 1st day of July, 2006. The [husband] has accumulated an arrearage amount of Twenty Two Thousand Five Hundred and 00/100 ($22,500.00) Dollars. Said arrearage shall be paid at the rate of Two Hundred and NO/100 ($200.00) Dollars per month until paid in full. The Court heard testimony and received exhibits indicating that the [husband] had an annual minimum income of $150,000.00. The Court considers this evidence credible and [bases] child support upon that figure.”
 

 The husband filed his notice of appeal on March 14, 2008.'
 

 On appeal, the husband presents three issues: (1) whether the trial court exceeded its discretion in ordering a retroactive modification of the pendente lite child-support order and ordering the husband to pay retroactive child support to a date preceding the entry of the pendente lite order, (2) whether the trial court exceeded its discretion in calculating the husband’s monthly child-support obligation, and (3) whether the trial court had jurisdiction to award the wife the real property located in Salem (“the Salem property”) without joining a necessary party.
 

 With regard to the first issue, we note that the husband failed to present this argument to the trial court. Therefore, we will not consider this argument.
 
 See Nichols v. Nichols,
 
 4 So.3d 491, 493 (Ala.Civ. App.2008); and
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992).
 

 In his second argument, the husband challenges the sufficiency of the evidence to support the trial court’s determination of the amount of child support. Because the trial court made specific findings of fact in its judgment, the husband “was not required to file a postjudgment motion as to the sufficiency of the evidence in order to challenge on appeal the trial court’s findings and the sufficiency of the evidence.”
 
 C.C. v. State Dep’t of Human Res.,
 
 984 So.2d 447, 451 (Ala.Civ.App. 2007); Rule 52(b), Ala. R. Civ. P. Accordingly, even though the husband did not raise this issue in a postjudgment motion, we will address the husband’s second argument.
 

 “‘Matters related to child support ... rest soundly within the trial court’s discretion and will not be disturbed on appeal, absent a showing that the ruling is unsupported by the evidence and thus is plainly and palpably wrong.’ ”
 
 Volovecky v. Hoffman,
 
 903 So.2d 844, 847 (Ala.Civ. App.2004) (quoting
 
 Jackson v. Jackson,
 
 777 So.2d 155,158 (Ala.Civ.App.2000)).
 

 “When the [parties’] combined adjusted gross income exceeds the uppermost limit of the child support schedule [of Rule 32, Ala. R. Jud. Admin.], the amount of child support awarded must rationally relate to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce, and must reasonably relate to the obli-gor’s ability to pay for those needs....
 
 *10
 
 To avoid a finding of an abuse of discretion on appeal, a trial court’s judgment of child support must satisfy both prongs.”
 

 Dyas v. Dyas,
 
 683 So.2d 971, 978-74 (Ala. Civ.App.1995).
 

 The trial court heard evidence at trial indicating that the husband earned income of $150,000 per year — $12,500 per month. The husband presented no evidence indicating that he would be unable to pay the $1,250 monthly child-support obligation. We note, however, that the record contains no evidence regarding the “reasonable and necessary needs of the child.”
 
 Dyas,
 
 683 So.2d at 973. In
 
 Burgett v. Burgett,
 
 995 So.2d 907 (Ala.Civ.App. 2008), this court reversed a judgment insofar as it ordered the husband to pay $1,000 in monthly child support when the only evidence in the record establishing the child’s reasonable and necessary needs was that the mother incurred $206 per month in day-care expenses. 995 So.2d at 913-14. In the present case, the record is devoid of any evidence of the child’s reasonable and necessary needs. Just as we did in
 
 Burgett, “
 
 ‘we reverse the portion of the judgment setting an amount of child support and remand for further proceedings that will allow the court to determine the reasonable and necessary needs of the [child].’ ”
 
 Burgett,
 
 995 So.2d at 914 (quoting
 
 Elliott v. Elliott,
 
 782 So.2d 303, 306 (Ala.Civ.App.1999), reversed on other grounds, 782 So.2d 308 (Ala.2000)).
 

 The husband last argues that the trial court lacked jurisdiction to award the wife the Salem property without joining the wife’s stepfather, from whom the wife had agreed to purchase the Salem property. Rule 19(a), Ala. R. Civ. P., provides:
 

 “A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person’s absence may (i) as a practical matter impair or impede the person’s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.”
 

 The evidence at trial indicated that, at the time the parties married, the wife had already agreed to purchase the Salem property from her stepfather and had been making monthly payments to the stepfather in the amount of $350 toward that purchase. After the parties married, the wife and the husband entered into a contract, pursuant to which the husband would make the monthly payments to the wife’s stepfather and the husband, instead of the wife, would own the Salem property after the purchase price had been paid in full. In the divorce judgment, however, the trial court awarded the Salem property to the wife and ordered the wife to pay the indebtedness on the property.
 

 Based on the facts adduced at trial, we conclude that the absence of the wife’s stepfather as a party did not affect the trial court’s ability to accord complete relief to the parties. The fact that the stepfather had not been paid in full for the property did not affect the trial court’s ability to award the wife the right to the property and the responsibility for paying the remaining indebtedness on the property. Further, nothing in the record indicates that the fact that the wife was awarded the Salem property will impair or impede the stepfather’s ability to protect his interest. In fact, the trial court’s judgment specifically provided that the wife must pay the indebtedness owed to her
 
 *11
 
 stepfather. The judgment had no practical effect on the stepfather’s rights with regard to the Salem property. Finally, we note that the husband does not argue that he or the wife is “subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.” Rule 19(a). Therefore, we conclude that the wife’s stepfather was not an indispensable party as defined in Rule 19(a).
 

 Based on the foregoing, we reverse that part of the trial court’s judgment determining the husband’s child-support obligation, and we remand the cause for further proceedings. We affirm the judgment in all other respects.
 

 The wife’s request for an award of an attorney fee on appeal is denied.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 PITTMAN, J., concurs in the result, without writing.
 

 [1]
 

 . By order dated November 19, 2008, the Alabama Supreme Court amended Rule 32, Ala. R. Jud. Admin., including the child-support guidelines, effective January 1, 2009. By order dated February 25, 2009, the Alabama Supreme Court amended Rule 32(A)(4) and Rule 32(B)(7), Ala. R. Jud. Admin., effective March 1, 2009. Those amendments are not applicable in this case.