The parties were married in May 1982. Approximately five years later, in May 1987, the wife, Doris Glasgow Antepenko, brought a divorce action against the husband, Daniel John Antepenko, seeking, among other things, an equitable division of the parties' sizable estate. The trial court, after conducting several ore tenus proceedings and hearing extensive testimony regarding the parties' marital and non-marital assets, rendered a divorce decree in September 1988 on the grounds of incompatibility. The parties' property was divided, in pertinent part, as follows: The husband was awarded property located in Florida, valued at approximately $6,000; rental property located in Charleston, Illinois, valued at approximately $67,000; a 1981 Cadillac worth around $9,500; and a 1971 Ford truck worth around $300. He was also awarded certificates of deposit worth approximately $400,000 and two-thirds of the proceeds from the sale of the marital home and adjoining lots, valued between $260,000 and $325,000. The wife, in turn, was awarded property located in Littleville, Alabama, valued at approximately $40,000, along with its accompanying indebtedness; a 1984 Mercedes worth around $37,000; certificates of deposit worth approximately $387,000; and one-third of the proceeds from the sale of the marital residence. She also was allowed to retain her 86-acre farm located in Belgreen, Alabama, worth between $40,000 and $65,000. Both parties appeal from this decree.
The wife appears to have owned, either jointly or individually, all the property she received under the decree. The husband nevertheless contends in the main that the property division was inequitable, in view of the length of the parties' marriage, i.e., five years, and in view of the source of the property awarded to the wife.
A review of the record reveals that the property awarded to the wife was either purchased or substantially improved in value with funds generated from the husband's business, Classic Tool Die. We have held, however, that the source of marital property is not controlling where the property in question is used for the common benefit of the parties' marriage. Here the parties' almost exclusive source of income throughout the marriage was derived in some form from Classic Tool Die. In addition, the wife appears to have had unlimited access to the funds originating therefrom. Under this particular set of facts, we find that the trial court properly considered the entire estate in fashioning *Page 1359 
its decree. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985); Fuller v. Fuller, 418 So.2d 121 (Ala.Civ.App. 1981).
We would note that no fixed standard or mathematical formula exists for dividing property. The proportion or share of property given to each spouse is required only to be equitable and graduated according to the peculiar facts and circumstances presented in each case. Weatherly v. Weatherly, 469 So.2d 653
(Ala.Civ.App. 1985). In making an equitable division of property, a trial court should consider not only the length of the parties' marriage and the source of the parties' property, but also the parties' respective ages, health, station in life, contribution to the marriage, and future prospects. In addition, the trial court should consider the value and type of property owned, the standard of living to which the parties have become accustomed during the marriage, and the parties' potential for maintaining that standard of living after the divorce. In appropriate situations, the trial court should consider the conduct of the parties with reference to the cause of the divorce. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The weight or importance assigned to any one of these factors is primarily left to the trial court's discretion when apportioning property. This discretion will not be disturbed on appeal unless found to be plainly and palpably wrong. Phillipsv. Phillips, 489 So.2d 592 (Ala.Civ.App. 1986). We would note that the trial court's discretionary power to award property is buttressed in the instant case by the ore tenus rule and its attendant presumption of correctness. Under this rule, a trial court's judgment must be upheld unless a gross abuse of discretion is found. Johnson v. Johnson, 423 So.2d 871
(Ala.Civ.App. 1982).
The record reflects that the parties met through work in 1979. At this time, the wife was employed by a real estate holding company to oversee, among other things, the company's various properties. The husband was self-employed as the president and sole shareholder of a manufacturing company, Classic Tool Die. In 1980, the wife went to work for the husband and subsequently married him in May 1982. Both parties appear to have been in excellent physical condition at the time.
After the marriage, the wife continued to work for the company. There is evidence that she served in the capacity of executive secretary and company director. There is also evidence that she received no compensation for her efforts on the company's behalf in 1983 and 1984. Although the scope and complexity of the wife's duties with the company were subject to dispute, the trial court noted at one of the hearings that both parties appeared to be actively involved in the business and appeared to have conscientiously devoted their efforts to promoting the best interest and welfare of the company. We would note that the credibility of oral testimony is consigned to the trier of fact. Cox v. Cox, 395 So.2d 1027
(Ala.Civ.App. 1981).
Over the course of the parties' marriage, the wife's health markedly deteriorated, and she became highly susceptible to many types of infections. At the time of the divorce, the husband was 61 years of age and in fairly good health, while the wife was either "52 or 58" and was taking various kinds of prescribed medication for a serious heart problem and a life-threatening circulatory condition. In view of her age and her exceptionally poor health, the wife's chances of utilizing her marketable skills and maintaining any kind of employment in the future appear to be measurably slim.
We cannot say, in light of our limited standard of review and in light of such factors as the wife's age, health, future prospects, and contribution to the marriage, that the trial court's property award to the wife was an abuse of discretion.
The trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur. *Page 1360