[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1121 
This is a divorce case.
After an ore tenus proceeding, the trial court divorced the parties and made a determination regarding a property distribution, alimony, and child support. The husband's post-trial motion prompted the trial court to set aside portions of the judgment and receive additional testimony. The trial court then entered a second amendment to the order. From that, the husband appeals.
The issues raised by the husband in this appeal are as follows: (1) Did the trial court err in its periodic alimony award; (2) Did the trial court err in the division of property; and (3) Did the trial court err in the child support award?
At the outset, we begin by noting that when a trial court's judgment follows the presentation of evidence ore tenus, a presumption of correctness automatically attaches.Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). That judgment will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong.Blankenship, supra. Furthermore, the issues concerning the division of property, alimony, and child support are matters that are committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The property division is not required to be equal, but must be equitable according to the nature of the particular circumstances in each case. Brannon, supra.
It is the duty of the trial court, which receives the conflicting evidence ore tenus, to resolve the conflict and render a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287
(Ala.Civ.App. 1982). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
The husband's dominant concern, in his arguments and contentions regarding the first two issues, is the provision in the judgment ordering him to pay the mortgage payments on the home and giving the wife exclusive possession conditioned on several factors. He first contends that such award is "clearly periodic alimony." In that aspect of his argument, he contends that the wife, who teaches school and has a college education, has no need for alimony in that she is capable of supporting herself and the child without his assistance. It is his contention that each party works and receives substantially the same income.
The husband's arguments regarding the wife's ability to support herself and her income being similar to his are supported by record evidence. Our review of the final divorce decree and the two amendments reveals that the trial court clearly considered, and noted in its orders, the uniformity of the parties' incomes and the future prospects of the parties. These are proper factors for the trial court to consider in awarding alimony and in its property division. Weatherly v.Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985).
We find no language in any of the three judgments to indicate that the house and mortgage payments are "clearly periodic alimony" as the husband argues. In fact, all three judgments are silent to alimony, except the first amendment which merely holds open the matters of property division, child support, and alimony, pending further orders. Decisive here is that when the type of the award intended is not particularly specified, the source of payment and the purpose of the award are of prime importance in establishing what type of award was intended by the trial court. McGugin v. McGugin, 357 So.2d 347
(Ala.Civ.App. 1978). *Page 1122 
The language of the second amended order explicitly communicates some of the intention of the award by stating: "in consideration of the [husband's] payment of the mortgage indebtedness and the resulting benefit to the minor child in the custody of the [wife], no additional child support shall be paid by the [husband] pending further Orders of the Court." (Emphasis added.) It indicates the trial court's reasonable conclusion that the payment of the mortgage by the husband was beneficial for the support and maintenance of the child (and the custodial parent) while the wife remained unmarried. We cannot determine what portion, if any, of that provision grants alimony. However, such construction identifies the award as part of a support award, and, as such, it is modifiable in the future. See, McGugin.
The husband's argument concerning the property division travels through many pages of creative computations in an attempt to prove that the wife's property award was a larger percentage of the marital assets than the husband's. He raises arguments concerning the award of specific items of personalty, insurance proceeds, and the real property. There are no fixed standards for a trial court to utilize in determining an equitable property division pursuant to divorce, and each case must be reviewed according to its own peculiar facts and circumstances. Weatherly, supra. The record here reveals that the trial court properly considered factors such as the ages and health of the parties, the length of the marriage, their station in life, the income and future prospects of each party, and the conduct of the parties. Weatherly, supra; Beckwith,supra. Accordingly, we find no abuse of discretion in the property division.
The husband's final contention is that the trial court erred in not following the mandates of Rule 32, Alabama Rules of Judicial Administration, concerning the child support obligation of either parent. He contends that the trial court failed to explain why no child support is required of the wife. He argues that since the income of each parent is substantially the same, and since each was given custody of one child, that both should pay the same amount of child support. If that argument were convincing, the respective obligations to pay support would cancel each other.
Rule 32 establishes a presumption that the application of the guidelines results in the correct amount of child support. However, the rule allows the trial court to rebut that presumption. If the trial court determines that the application of the guidelines would be manifestly unjust or inappropriate, a written finding of such is sufficient to rebut the presumption, "upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii), Alabama Rules of Judicial Administration.
In its orders, the trial court noted findings of fact, based upon evidence presented, that sufficiently rebut the Rule 32 presumption. The trial court's orders specifically noted that the income of the parties was substantially the same,except that the husband's income was dependent on his diligence and the wife's income remains relatively fixed. It also noted that each party is responsible for the care and custody of a minor child of the parties. Those written findings, along with the above-quoted portion of the second amended order concerning the mortgage, sufficiently rebut the presumption that application of the guidelines would result in the correct amount of child support. There is ample evidence in the record, including the testimony from two hearings, to support the trial court's decision that the guidelines were inappropriate in this instance.
In light of the above and the attendant presumption of correctness accompanying the trial court's judgment, we find no abuse of discretion by the trial court. As a result, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 1123