ROBERTSON, Presiding Judge.
The judgment of divorce entered in 1976 ordered Randall Holland (husband) to pay Wanda Morris (wife) the sum of $25 per week as child support for one child.
The parties have been in court several times over the years on contempt proceedings concerning child support arrearage. In 1991, the wife filed a petition to increase the child support payments.
During the trial of this petition, the issue of arrearage was addressed again. After an ore tenus proceeding, the trial court increased the child. support payments to $140 per month and found “that there is no child support arrearage or past due and unpaid child support owed” by the husband.
The wife appeals on the sole issue that the trial court erred in not finding an ar-rearage.
Both parties filed a statement of the evidence pursuant to Rule 10(d), Alabama Rules of Appellate Procedure. The trial court considered both statements and entered an order finding that the statement *224 presented by the wife was true and accurate and best represented the evidence presented to the trial court and adopting that statement of the evidence as the record in this cause.
The record reflects that the husband testified that he “pays only $100 per month as child support” and “that he has never made any additional financial contributions beyond the $100 per month which he pays as child support.” The record further reflects that the wife testified that “it was uncon-troverted that the divorce decree ordered child support in the amount of $25 per week which is equivalent to $108.33 per month and not $100 per month.”
It is a well-settled principle of law in Alabama that child support payments become final judgments as of the date they become due and are immune from change. Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App.1985). The child support payments in this case must be calculated at $25 per week ($108.33 monthly), not rounded off to $100 per month, and it was error for the trial court to do otherwise. Endress v. Jones, 534 So.2d 307 (Ala.Civ.App.1988).
Consequently, this case is due to be reversed and remanded for a calculation of the accrued weekly installments of child support. From this amount the actual payments to the wife may be deducted to determine if there is an arrearage.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.