THIGPEN, Judge.
This is a divorce case.
Samuel Leroy Hutchins (husband) filed a complaint for divorce against Patricia Ann Hutchins (wife) on August 2, 1991. Their marriage of 29 years had produced four children, one of whom was a minor at the time of this proceeding. She filed a counterclaim, and, inter alia, requested custody of the minor child, child support, alimony pendente lite, psychological testing and evaluation of both parties, and attorney fees.
The trial court entered a pendente lite order requiring the husband to pay the mortgage and related expenses, automobile insurance, medical insurance, and any existing installment debts, and to pay the wife $100 per week temporary support. The trial court also ordered both parties to not harass one another and to undergo complete psychological evaluations. The trial court initially awarded the husband temporary custody of the minor child, but later awarded temporary custody to the wife and ordered the husband to pay temporary child support.
Following ore tenus proceedings, the trial court entered its divorce judgment in January 1993, on the grounds of physical cruelty, incompatibility, and an irretrievable breakdown of the marriage. The trial court granted the husband custody of the minor child, but did not require the wife to pay child support, and it ordered the child and the husband to undergo counselling. Following post-judgment motions, the trial court ultimately entered an order awarding the marital residence to the wife “out-right,” subject to the remaining mortgage payments, awarding the wife alimony of $850 per month, awarding the wife approximately 45% of the husband’s accessible retirement funds, and awarding the wife $5,000 in additional attorney fees. The husband appeals.
The husband raises several issues on appeal: (1) whether the trial court’s finding of fault against the husband is contrary to the great weight of the evidence; (2) whether certain property divisions are equitable; (3) whether the alimony award is excessive; (4) whether the trial court erred by awarding attorney fees to the wife; and (5) whether the trial court erred in not ordering child support.
We note at the outset that when a trial court receives ore tenus evidence in a divorce proceeding, the resulting judgment is presumed correct if it is supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
The husband argues that the trial court erred in granting the divorce, in part, on the ground of physical cruelty. Ala.Code 1975, § 30 — 2—l(a)(ll), provides that a divorce may be granted
“[i]n favor of either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when from his or her conduct there is reasonable apprehension of such violence.”
*1373 The wife testified that the husband had slapped her “quite a few times” in recent years, that he had beaten their daughter, that he did not allow the wife to have visitors in their home, and that he frequently left the house during the middle of the night. She further related incidents in which the husband threw objects to express his anger, and she testified that she was afraid of him. The husband denied physically assaulting his wife, other than that he had “grabbed her by the elbow” and “slapped her on the shoulder a couple of times.” Court-ordered psychological evaluations of the husband and the wife indicated that the husband “is likely to be somewhat impulsive and have problems controlling his behavior at times.” The wife’s evaluation indicated that she was depressed, had feelings of inferiority and inadequacy, and that she reported that the husband “cussed, hollered, threw things and knocked around on the kids and me.” This evidence clearly supports a finding that the husband had been physically abusive to the wife, and that the wife had a reasonable apprehension of violence from the husband. Fitts v. Fitts, 283 Ala. 369, 217 So.2d 81 (1968); Boldon v. Boldon, 354 So.2d 275 (Ala.Civ.App.1978). We are bound by “our duty to affirm the decree of the trial court who heard and saw the witnesses, when such decree is fairly supported by the evidence.” Boldon at 275.
The husband also contends that the trial court erred in its property division, alimony award, and award of attorney fees. He argues that the trial court’s award left him with assets that are not accessible to meet his present expenses.
The law is well settled that issues regarding alimony and property division pursuant to a divorce rest within the sound discretion of the trial court, and that the court’s rulings on those issues will not be disturbed on appeal except for a palpable abuse of discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Furthermore, those issues are interrelated, and in determining whether the trial court abused its discretion regarding either of those issues, the reviewing court must consider the entire judgment. Montgomery, supra. A division of property does not have to be equal, but it must be equitable in light of the evidence. Montgomery, supra. What is equitable is discretionary with the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). Likewise, an award of attorney fees is discretionary with the trial court. Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App.1991). In determining its awards in a divorce action, the trial court may consider many factors, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and the type of property involved, and the conduct of the parties regarding the cause of the divorce. Lones v. Lones, 542 So.2d 1244 (Ala.Civ.App.1989).
The record reflects that the husband has a high school education and that he has served in the military. He testified that he had been employed by Alabama Power Company for over 20 years, and that he had also held part-time employment throughout the duration of the marriage. He further testified that his gross monthly salary from Alabama Power is approximately $4200, and that he has made as much as $30,000 annually from his part-time employment. The wife testified that she has a high school education, and that she anticipates earning a minimum wage income. The record reflects that she has had only limited employment experience during the marriage, and that she may be incapable of self support. The trial court’s orders indicate its concern regarding the wife’s ability to support herself during her retirement years. This evidence, along with evidence regarding the length of the marriage and the conduct of the husband, sufficiently supports the trial court’s awards, and therefore, we find no error.
The husband’s final contention is that the trial court erred in not awarding child support for the parties’ minor child, who was 18 years old at the time of trial. Pursuant to an agreement of the parties, the trial court granted custody of the child to the husband.
Actions concerning child support, although guided by the mandatory application of Rule 32, Ala.R.Jud.Admin., are still committed to the sound discretion of the trial *1374 court, and its decision on such matters will not be disturbed on appeal absent a finding that the trial court’s award is a palpable abuse of its discretion. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991); Belser v. Belser, 558 So.2d 960 (Ala.Civ.App.1990). The amount of support which would result from the application of the guidelines is presumed to be the correct amount of child support. Rule 32(A), Ala.R.Jud.Admin. This presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(ii), Ala.R.Jud.Admin.; Peck, supra. A parent’s inability to pay child support is a proper basis for deviating from the guidelines. Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991).
In the case sub judice, child support guidelines were considered. The trial court expressly found that “due to [the wife’s] meager earning ability, there shall be no requirement for her to pay child support to the [husband] for the remaining nine months of her son’s minority.” The record supports that finding, and therefore, we find no error.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.