Robert W. Hamilton and Rachel K. Hamilton were divorced in Tuscaloosa County in March 1991. The divorce judgment incorporating an agreement of the parties granted custody of the two minor children to the husband, with the wife to pay child support in accordance with the guidelines of Rule 32, Ala.R.Jud.Admin., in the amount of $364.80 per month. Additionally, the parties agreed that "[e]ach person herein shall take the debt that is in their respective [name] incurred during this marriage regardless of the purpose for the making of said debt. Each party shall be vested with full right, title and interest to the marital property in their personal possession at [the] time a judgment of divorce is rendered in this cause."
In May 1991, the wife filed a motion seeking to modify the divorce judgment in regard to the Rule 32 calculations. The parties reached an agreement, and in November 1991, a consent order was entered incorporating that agreement. That order modified the wife's child support obligation to $266 per month. Additionally, the court ordered the parties "to pay directly to the respective creditors or collection agencies for such creditors one-half of the approximately $1,600.00 owed by them."
In March 1993, the wife filed another motion to modify child support. Following an ore tenus proceeding, the trial court set aside the consent judgment of November 1991, ordered the wife to pay child support in the sum of $167 per month by payroll deduction, established a visitation schedule for the children and the wife, and ordered the husband to pay all medical and dental expenses not covered by insurance, including all outstanding bills and expenses. The husband's post-judgment motion was denied by operation of law, and he timely appeals.
The husband contends that the trial court erred in setting aside the consent order of November 1991; that it abused its discretion in failing to apply the child support guidelines in accordance with Rule 32, Ala.R.Jud.Admin.; that it abused its discretion in failing to determine and enter an order concerning a child support arrearage; and that it had no jurisdiction to order the husband to pay past-due bills previously apportioned between the parties in the prior property settlement.
Apparently the trial court considered the wife's petition to modify as a motion for relief from judgment as authorized by *Page 758 
Rule 60(b)(6), A.R.Civ.P. Rule 60(b)(6) contains two very important prerequisites to its application: first, the motion must be based on some reason other than those stated in clauses (1) through (5) of Rule 60(b); and second, the reason urged for relief must be such as to justify relief.Hereford v. Hereford, 425 So.2d 480 (Ala.Civ.App. 1983). Regarding the second requirement for the application of Rule 60(b)(6), the relief is available only under the most extraordinary and compelling circumstances. Self v. Maynor,421 So.2d 1279 (Ala.Civ.App. 1982). The broad power granted by subdivision (b)(6) is not for the purpose of relieving a party from free, calculated, and deliberate choices. Ex parte W.J.,622 So.2d 358 (Ala. 1993). Furthermore, a party remains under a duty to take the legal steps necessary to protect his own interest. Rebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App. 1985).
The record reveals that on two prior occasions, the wife and her counsel negotiated and agreed to the amount of child support in the prior orders. The parties agreed to the terms of the 1991 order, and they had been bound by that agreement for over a year when the mother filed this petition. The trial court lacked the authority to release or discharge the mother in regard to those support payments that had matured and become due under the prior consent judgment of November 1991. Barnes v. George, 571 So.2d 1217 (Ala.Civ.App. 1990). Child support obligations become final judgments as they accrue, and they cannot be modified. State ex rel. Morris v.Holland, 597 So.2d 223 (Ala.Civ.App. 1992). Consequently, the trial court's order setting aside the prior consent order is reversed. Because of our ruling on this issue, we pretermit any further discussion regarding whether the trial court abused its discretion in failing or refusing to determine an arrearage and enter an order thereon.
The husband next contends that the trial court abused its discretion in refusing to order child support in accordance with Rule 32, Ala.R.Jud.Admin. Actions concerning child support, although guided by the mandatory application of Rule 32, are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent an abuse of discretion. Peck v. Peck,581 So.2d 1119 (Ala.Civ.App. 1991). The amount of support that would result from the application of the guidelines is presumed to be the correct amount of child support. Rule 32(A), Ala.R.Jud.Admin. This presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(ii), Ala.R.Jud.Admin.; Peck, supra. A parent's inability to pay child support is a proper basis for deviating from the guidelines. Hutchins v. Hutchins, 637 So.2d 1371
(Ala.Civ.App. 1994).
In the case sub judice, the child support guidelines were considered. In entering its notice regarding the guidelines, the trial court noted: "Substantial Hardship shown. Support set at $167.00 per mo. beg. 6/1/93." The record reflects that the mother's gross monthly income was $840, and that she had recently moved into an apartment with a rent of $430 per month, whereas her prior rent was only $120 per month. The husband contends that the move was voluntary, and, thus, that the expense should not be considered. The record reveals that the wife had been sharing a residence with another family. The wife, however, testified that soon, there would have been no room for her and her children at the prior residence, because additional children of the other family would be moving in. The record supports the trial court's finding regarding hardship, and, therefore, the trial court did not err in finding the existence of a substantial hardship justifying a deviation from the guidelines.
Last, the husband contends that the trial court erred in ordering him to pay certain past-due debts, which had been previously divided and settled in their agreement, which had been incorporated in a prior judgment. In its order, the trial court stated: "5. Defendant Robert Hamilton will pay all owed medical and dental expenses not covered by insurance, including all outstanding bills and expenses." In view of our holding reversing the trial court's order setting aside the consent *Page 759 
judgment, and to the extent that this provision attempts to modify that judgment, the trial court erred. The original judgment incorporated the parties' agreement that "[e]ach person herein shall take the debt that is in their respective [name] incurred during this marriage regardless of the purpose for the making of said debt." Later, by consent, both parties were ordered to pay one-half of $1600 of outstanding debts owed by them. These matters concern the property settlement provisions of the agreement of the parties, which were incorporated in the divorce judgment. A court cannot modify property provisions, except to correct clerical errors, after 30 days from the final judgment. The property division of a divorce judgment is not subject to being modified on account of changed conditions. Culverhouse v.Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980). Thus, to the extent that the trial court sought to realign liability for marital debts already apportioned by the prior judgment, its judgment is reversed.
The cause is remanded for the entry of an order consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.