MONROE, Judge,
dissenting.
I believe that the trial court erred in its disbursement of the proceeds from the sale of the marital home; therefore, I must respectfully dissent.
Had the trial court disbursed the funds “precisely” as it had set out in the initial divorce judgment, the wife would have received $36,174, rather than the $28,634 awarded to her by the trial court. The judgment did not specify that the husband would get credit for making the mortgage payments during the time the wife was living in the marital residence pending its sale. However, the majority says that the husband was reimbursed about $7,539 for mortgage payments made during that time. That money was paid out of the proceeds from the sale of the house. Therefore, the pool of money available to the wife was diminished. In effect, by reimbursing the husband for the mortgage payments, the trial court changed the allocation of the debt and made the wife responsible for the house payments.
The action taken by the trial court changed the property settlement awarded to the wife. I believe that change constitutes a modification of the divorce judgment rather than a clarification, as the majority contends. In Hamilton v. Hamilton, 647 So.2d 756 (Ala.Civ.App.1994), we reversed the trial court’s realignment of liability for marital debts more than 30 days after those debts were apportioned in the original judgment. “A court cannot modify property provisions [in divorce judgments], except to correct clerical errors, after 30 days from the final judgment.” Id. In this case, the trial court attempted to modify the judgment nearly 3 months after the final judgment, however, it no longer had jurisdiction. Therefore, I would reverse the judgment of the trial court disbursing the proceeds from the sale of the marital residence. For that reason, I must respectfully dissent.