PER CURIAM.
Margaret Elizabeth Haynes (“the wife”) appeals from the trial court’s judgment of divorce, contending that the trial court abused its discretion by awarding her what she says is an inequitable amount of alimony in gross and periodic alimony.
In her brief, the wife acknowledges that in a divorce case the division of property and the award of alimony are issues .committed to the sound discretion of the trial court. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991). She further acknowledges that the trial court’s judgment regarding these issues will not be disturbed on appeal unless it is shown that the trial court plainly and palpably abused its discretion or unless it is shown that the trial court’s determination is clearly and obviously wrong. Peck, 581 So.2d 1119. The law does not require that the property division be equal, only that it be equitable, under all the circumstances of the particular case. Edge v. Edge, 628 So.2d 634 (Ala.Civ.App.1993).
In McCluskey v. McCluskey, 495 So.2d 66 (Ala.Civ.App.1986), this court set out the following factors to be considered by the trial court when dividing marital, property in a divorce case: the length of the marriage, the parties’ ages, health, and station in life, future prospects of the parties, and the conduct of the parties regarding the breakdown of the marriage.
Additionally, we note that when reviewing a trial court’s judgment based upon ore tenus evidence, this court is required to presume the judgment to be correct. Peck, 581 So.2d 1119.
The parties married in January .1968. In April 1996, Larry Chester Haynes (“the husband”) filed a complaint for divorce; the wife filed an answer and a counterclaim. In January 1997, the parties attempted to reconcile, and in September 1997, they separated a final time. In May 1998, when this matter came to trial, the parties had been married for 30 years and both the husband and the wife were 46 years of age. There were two children born of the marriage, both of whom had reached the age of majority.
*655 In its judgment of divorce, the trial court determined that the parties’ net worth totalled “approximately $240,000 to $250,000.” The trial court awarded the wife the marital home, valued at $62,500, and made the husband responsible for paying the mortgage debt on the marital property of approximately $30,000, with payments of $880 per month. The trial court also awarded the wife $62,500 as alimony in gross, with $12,500 to be paid in a lump sum and the balance to be paid in monthly installments of $833.33 per month. The trial court ordered the husband to pay the wife $500 per month in periodic alimony.
At the trial, the wife testified that she wanted half of everything acquired during the marriage. As previously noted, in its judgment of divorce, the trial court determined that the parties’ net worth was approximately $240,000 to $250,000. The wife was awarded property worth approximately $125,000; this includes the marital home, valued at $62,500, and alimony in gross of $62,500. She was also awarded $500 per month in periodic alimony.
The wife takes issue with the trial court’s determination that the parties' net worth totalled “approximately $240,000 to $250,000.” She contends that the husband’s corporation should be valued for more than “approximately $85,000 to $90,-000.” However, we have reviewed the record, and we cannot agree with this contention. The division of marital property is equitable; therefore, that portion of the judgment dividing the marital property is affirmed.
The wife also contends that the trial court abused its discretion in awarding her only $500 a month in periodic alimony. The purpose of periodic alimony is to preserve the economic status of the parties as it existed during the marriage. Hanna v. Hanna, 688 So.2d 887 (Ala.Civ.App.1997); Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985).
The wife, who was 46 years of age at the time of the divorce, had a ninth-grade education. She had worked for 15 years as a seamstress in a sewing plant and had owned a fabric store and had made a wedding dress for a customer, but she had retired in 1990 because of fatigue. She was not earning any income at the time of the divorce. When she left work in 1990, her accrued retirement benefits made her eligible to receive $25 a month, but not until she reaches age 65.
In 1985 the wife broke both of her feet and as a result of that injury she now suffers from arthritis in her feet. About one year before the divorce, she had undergone disc surgery on her neck and was limited to lifting 20 pounds; however, there Was nothing to indicate that she was totally disabled and unable to work.
The husband was awarded all of the parties’ 14 rental properties, each of which was producing income. He also was awarded the parties’ four Huddle House restaurants and a liquor store. He paid himself a salary of about $50,000 a year from his corporation. A review of the record shows that his earning potential is excellent. At the time of the divorce, the wife’s earning potential appeared to be slim to none.
As mentioned above, the parties were married for 30 years. There is a great disparity between the -wife’s potential earning power and the husband’s potential earning power. Evidence shows that the wife is in relatively poor health; the husband is apparently in good health. Once the husband has paid the alimony in gross, the only income the wife will have is the $500 per month in periodic alimony from the husband. On the other hand, the husband will continue to enjoy a good standard of living. After considering these factors, we conclude that the trial court abused its discretion in awarding the wife periodic alimony of only $500 a month. See, e.g., Pickett v. Pickett, 723 So.2d 71 (Ala.Civ.App.1998). Therefore, we reverse that portion of the judgment awarding periodic alimony of $500 and remand this cause for the trial court to reconsider the *656 amount of period alimony the wife should receive.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY, J., concurs in part and dissents in part.