782 So.2d 303 (1999)
Patricia ELLIOTT
v.
Stephen ELLIOTT.
2980265.
Court of Civil Appeals of Alabama.
June 18, 1999.
Rehearing Denied September 10, 1999.
*305 L. Stephen Wright, Jr., and Jesse P. Evans III of Najjar Denaburg, P.C., Birmingham, for appellant.
Jonathan E. Lyerly, Birmingham, for appellee.
MONROE, Judge.
The parties married in September 1973. Three children were born of the marriage, two sons, one born in January 1980 and one born in December 1980; and one daughter, born in February 1983. In December 1996, the wife sued for a divorce. The husband answered and counter-claimed.
After an ore tenus hearing, the trial court issued a final judgment of divorce. The court awarded custody of the minor children to the husband, with visitation rights vested in the wife. The judgment required the wife to pay the husband $1,700 per month in child support and $500 per month in periodic alimony. The trial court's order divided the marital property and assigned the husband and the wife responsibility for certain debts.
Both parties filed post-judgment motions, which were denied. The wife appeals, contending that the trial court abused its discretion in awarding custody of the parties' minor children to the husband, in calculating the wife's child-support obligation, in its division of the marital property and debts, and in its award of periodic alimony to the husband.
First, we will consider the issue of custody of the parties' minor children. It is well settled that when a trial court considers custody matters in a divorce action, it must determine what would be in the best interests and welfare of the children. Baine v. Baine, 510 So.2d 262 (Ala. Civ.App.1987). When a trial court has conducted an ore tenus hearing before entering a judgment of divorce, this court will presume that the trial judge, who had the opportunity to observe the witnesses and listen to their testimony, correctly determined what would be in the children's best interests. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984).
The "preference of each child, if the child is of sufficient age and maturity," is one factor to be considered in deciding custody matters in a divorce action. Ex parte Devine, 398 So.2d 686, 697 (Ala. 1981). At the time of the trial in July 1998, the parties' minor children were 18, 17, and 15 years of age, and the 18-year-old was planning to attend the University of Mississippi in the fall of 1998. All three of the children testified at the trial. Two of the children expressed a strong preference to live with their father; the third child testified that he had no preference, but did not want to separated from his siblings. After reviewing the record, we *306 cannot find that the trial court abused its discretion in awarding custody of the minor children to the husband. This portion of the judgment is due to be affirmed.
Second, the wife contends that the trial court incorrectly calculated her child-support obligation. The trial court's order stated:
"The [wife] shall pay to the [husband] the sum of One Thousand Seven Hundred Dollars ($1,700.00) per month for the support and maintenance of the minor children of the parties. It is noted that the parties' combined monthly income exceeds the maximum combined gross income included in the Schedule of Basic Child Support Obligations established by Rule 32 of the Alabama Rules of Judicial Administration.
"The first such payment shall be due and payable on or before the 15th day of July 1998, subsequent payments shall be made on or before the 15th day of each month thereafter until such time as the said minor children reach the age of nineteen (19), marry, or become self-supporting."
The Rule 32, Ala. R. Jud. Admin., guidelines provide that in cases where the parents' combined adjusted gross income is $10,000 per month, the maximum child-support obligation for three children is $1,934 per month. In this case, the wife is employed by Blue Cross/Blue Shield of Alabama, with a gross monthly income of $9,166; the husband works in the construction industry with a gross monthly income of approximately $4,173. In Lester v. Lester, 690 So.2d 378, 382 (Ala.Civ.App.1996), this court stated:
"Rule 32 provides that when the combined adjusted gross income is more that $10,000, the amount of child support to be awarded is left to the discretion of the trial court. However, this court has held that the trial court does not have unbridled discretion; `the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs.' Dyas v. Dyas, 683 So.2d 971, 973 (Ala.Civ.App. 1995)."
At trial, the husband introduced into evidence an exhibit setting out his anticipated monthly living expenses after the divorce (if the children were residing with him). He estimated that his total living expenses would be $7,557.24 per month. This is the only evidence regarding the "needs" of the minor children. Therefore, we reverse that portion of the judgment setting an amount of child support and remand for further proceedings that will allow the court to determine the reasonable and necessary needs of the minor children, so that it can calculate the appropriate amount of child support.
In his special writing, Judge Crawley states that this court is reversing the child-support award, concluding that the child-support award is insufficient. However, as noted above, we reversed the portion of the judgment dealing with the child-support award because there was no evidence presented regarding the needs of the children. We should not be understood as concluding that the child-support award is insufficient. In fact, with the evidence before us, we cannot tell if the child-support award is sufficient, insufficient, or even necessary.
Finally, the wife contends that the division of marital property and debts was inequitable and that the trial court abused its discretion in awarding periodic alimony to the husband. "On appeal, issues of alimony and property division must be considered together, and the trial court's ruling will not be disturbed unless the ruling is a plain and palpable abuse of *307 discretion." Brasfield v. Brasfield, 679 So.2d 1091, 1094 (Ala.Civ.App.1996).
It is well settled that in a divorce case the division of property and the award of alimony are issues committed to the sound discretion of the trial court. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App. 1991). The trial court's judgment will not be disturbed on appeal unless it is shown that the court plainly and palpably abused its discretion or that the trial court's determination is clearly and obviously wrong. Peck, 581 So.2d 1119. It is not required that the property division be equal, only that it be equitable under all the circumstances of the particular case. Edge v. Edge, 628 So.2d 634 (Ala.Civ.App.1993).
The trial court awarded the marital residence to the husband and assigned him the responsibility for paying the debt secured by the first and second mortgages on the residence. The evidence indicated the following: the marital residence was purchased in 1987 and had been appraised at $185,000; the balance of the first-mortgage debt was approximately $100,000, and the balance of the second-mortgage debt was approximately $28,000. The wife was not awarded any portion of the $57,000 equity the parties had in the marital residence. Additionally, the trial court awarded the husband "one-half (½) of the [wife's] 401k [fund], one-half (½) of the [wife's] 401k Match [fund], and one-half (½) of the [wife's] deferred benefit plan," and it required the wife to pay the husband $500 per month in periodic alimony. The trial court awarded the wife her automobile, the funds in her checking and savings accounts, her stocks and bonds, the funds in her IRA accounts, and her personal items, including jewelry, clothing, etc.
There were no allegations of, or evidence of, misconduct on the part of either party regarding the breakdown of the marriage. Both parties alleged an incompatibility of temperament and an irretrievable breakdown of the marriage. Thus, this is not a situation such as this court was referring to in Brasfield, 679 So.2d at 1094, when it wrote: "Where one spouse is guilty of misconduct during the marriage, the trial court's award may be as liberal as the offending spouse's estate will permit under the circumstances of the case." We have reviewed the record, and, under the circumstances of this case, we conclude that the trial court abused its discretion in its award of alimony and its division of the marital property. Consequently, those portions of the judgment awarding alimony and dividing the marital property are reversed, and the case is remanded for further proceedings on those issues.
The wife also contends that the trial court erred in making the wife responsible for approximately 75% of the parties' marital debt and making the husband responsible for only about 25%. However, we note that the debt the wife complains of is credit card debt, and we note that the husband is responsible for paying the debts secured by the first and second mortgages on the marital residence, debts totaling approximately $128,000. In light of the fact that we reversed those portions of the judgment awarding alimony and dividing the marital property, we also remand those portions of the judgment dividing the marital debts so that the trial court can have available all components in order to fashion an equitable division between the parties.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in part and dissent in part.
*308 CRAWLEY, Judge, concurring in part and dissenting in part.
I agree that the trial court did not abuse its discretion by awarding custody of the children to the father. I disagree with the conclusion that the trial court abused its discretion in its division of the marital property and in the amount of periodic alimony it awarded to the husband.
Our supreme court has stated:
"[An appellate court should not] substitute its judgment of the facts for that of the [trial] court. Rea v. Rea, 599 So.2d 1206 (Ala.Civ.App.1992). Instead, [its] task is simply to determine if there was sufficient evidence before the [trial] court to support its decision against a charge or arbitrariness and abuse of discretion. Peterman v. Peterman, 510 So.2d 822 (Ala.Civ.App.1987)."
Ex parte Smith, 673 So.2d 420, 422 (Ala. 1995). I conclude that a majority of this court is substituting its judgment on the issues of the property division and periodic alimony for that of the trial court, and I dissent from the reversal of the trial court's judgment as to these issues.
I also dissent from the reversal of the child-support award. The wife appeals the trial court's judgment, arguing that the trial court did not follow the child-support guidelines and that it awarded excessive child support to the husband. The majority reverses the child-support award, concluding that that award is insufficient. The husband did not appeal and did not argue that the child-support award is insufficient; therefore, I conclude that the child-support award cannot be reversed on the ground that it is insufficient.
ROBERTSON, P.J., concurs.