On Rehearing Ex Mero Motu

MONROE, Judge.
This court’s opinion of March 3, 2000, is withdrawn and the following is substituted therefor:
After 21 years of marriage, Rachel Smith, the wife, and Larry Smith, the husband, were divorced on the ground of incompatibility of temperament. At the time of the trial, the parties had a 20-year-old son, who was attending college, and a 14-year-old daughter. The wife was awarded custody of the daughter, and the husband was ordered to pay $230 a month in child support.
The trial court ordered the husband to pay $350 a month in periodic alimony and to pay $350 toward the wife’s attorney’s fee. The court also divided the marital property and allowed the wife to live in the *395 marital home until the father no longer has an obligation to support the younger child. At that time, the marital home is to be sold and the proceeds divided equally between the parties. According to the judgment, the husband is responsible for the debt secured by the first mortgage on the home; the wife is responsible for paying the debt secured by the second mortgage. Each party was awarded the property in his or her possession, as well as his or her own personal effects. The husband received a 1985 Ford Ranger pickup truck; the wife received a 1995 Chevrolet Corsica automobile and a 1996 Mercury. The wife also was ordered to pay $20,770 of the parties’ total marital debt of $27,070; the husband must pay the remaining $6,300 in marital debt. The husband appeals.
The husband contends that the trial court abused its discretion in awarding the wife alimony of $350 per month and in dividing the marital property. The wife did not favor this court with a brief on appeal.
In a divorce case, the division of property and the award of alimony are issues committed to the sound discretion of the trial court. Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App.1991). Further, the trial court’s judgment regarding these issues will not be disturbed on appeal unless it is shown that the trial court plainly and palpably abused its discretion or unless it is shown that the trial court’s determination is clearly and obviously wrong. Peck, 581 So.2d 1119. Additionally, we note that when reviewing a trial court’s judgment based upon ore tenus evidence, this court must presume the judgment to be correct. Id.
The law does not require that a division of marital property be equal, only that it be equitable, under all the circumstances of the particular case. Edge v. Edge, 628 So.2d 634 (Ala.Civ.App.1993). In McCluskey v. McCluskey, 495 So.2d 66 (Ala.Civ.App.1986), this court set out the following factors to be considered by the trial court when dividing marital property in a divorce case: the length of the marriage, the parties’ ages, health, and station in life, future prospects of the parties, and the conduct of the parties regarding the breakdown of the marriage.
According to the record, the husband earns $2,660 a month and the wife earns $2,293. The wife testified that she pays most of the expenses for the son, who is attending college. We note that the dissent takes exception to the trial court’s apparent consideration of the wife’s expenses related to the son. The parties did not divorce until after the son had already passed the age where the wife could petition for postminority support. While the husband is no longer obligated to help support the son by way of court-ordered postminority support, we fail to see why the expenses incurred by the wife in helping the son should not be considered just as any other expenses of the wife. However, this holding is limited to the peculiar facts of this case. Furthermore, we note that with one judge concurring with this holding, one concurring in the result, and two dissenting, this case cannot properly be cited as authority.
The dissenting judges conclude that the trial court abused its discretion in dividing the marital property and ordering the husband to pay $350 a month as periodic alimony; it appears he is substituting his judgment for that of the trial court. A close look at the record shows that neither party is experiencing any kind of financial windfall from this divorce. It appears that neither party will have an easy time financially after the divorce.
It is axiomatic that this court cannot substitute its judgment for that of the trial court. In looking at the way the trial court divided the parties’ property and their debt, we cannot say that that division of property or the award of periodic alimony to the wife was plainly and palpably wrong. Therefore, the judgment of the trial court is affirmed.
*396 OPINION OF MARCH 3, 2000, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ„ dissent.