Patricia Elliott (the "wife") sued for a divorce from Stephen Elliott (the "husband"). The Jefferson Circuit Court granted the divorce, and, among other things, divided the marital property and awarded the husband $500 a month in periodic alimony. The Court of Civil Appeals, among other things, reversed the trial court's division of marital property and its award of alimony, holding that the trial court had abused its discretion with respect to these issues. Elliott v. Elliott, 782 So.2d 303
(Ala.Civ.App. 1999). We reverse and remand. *Page 310 
 I.
The husband and the wife married in September 1973. Their marriage produced three children: two sons, one born in January 1980 and one born in December 1980; and one daughter, born in February 1983.
In December 1996, the wife sued for a divorce, alleging incompatibility and an irretrievable breakdown of the marriage as grounds for a divorce. The husband counterclaimed, also alleging an incompatibility of temperament and an irretrievable breakdown of the marriage as grounds for a divorce. There were no allegations of, or evidence of, misconduct on the part of either party that might have led to the divorce action.
The evidence presented to the circuit court indicated that at the time of the trial the husband was 51 years of age and had several health problems. He had no college degree, had worked sporadically in the construction industry, and had an annual income of approximately $50,000. The husband's assets consisted of an automobile, on which he was making payments; $7,500 in an IRA account; and some equipment valued at between $5,000 and $7,500.
The wife is a college graduate. She has been employed by Blue Cross/Blue Shield of Alabama for more than 20 years, and at the time of trial, she was earning an annual income of $106,000. The wife has a 401(k) account through her employer, with an approximate value of $169,000, and a deferred-benefit plan with an approximate value of $109,300. The wife also owns a car, on which she is making payments.
The parties purchased the marital residence in 1987, and it has an appraised value of $185,000. The house secures two mortgage debts: the balance of the first-mortgage debt is approximately $100,000, and the balance of the second-mortgage debt is approximately $28,000.
At the time of trial, the parties' children were 18, 17, and 15 years old, and the 18 year old was planning to attend the University of Mississippi. Two of the children have automobiles; one is titled in the husband's name, and the other is titled in the names of both the husband and the wife.
After conducting an ore tenus hearing, the circuit court issued a final judgment of divorce, awarding custody of the minor children to the husband, with visitation rights to the wife, and ordering the wife to pay the husband $1,700 per month in child support and $500 per month in periodic alimony. The circuit court divided the marital property and assigned the husband and the wife responsibility for certain debts. The circuit court awarded the couple's home to the husband and assigned him the responsibility of paying the debts secured by the first and second mortgages. Additionally, the circuit court awarded the husband a one-half interest in the wife's 401(k) fund; in her 401(k) employer-matching fund; and in her deferred-benefit plan with her employer. The circuit court also awarded the wife her automobile, the funds in her checking and savings accounts, her stocks and bonds, the funds in her IRA accounts, and her personal items, including jewelry and clothing. The court ordered the husband to pay the indebtedness on his car and to pay certain credit-card debts.
The wife appealed, arguing that the circuit court abused its discretion in awarding custody of the parties' children to the husband, in calculating the wife's child-support obligation, in dividing the marital property and debts, and in awarding periodic alimony to the husband. A divided Court of Civil Appeals affirmed in part, reversed in part, and remanded. See Elliott v. Elliott, supra. Specifically, the Court of Civil Appeals affirmed that part *Page 311 
of the circuit court's judgment awarding custody of the minor children to the husband and reversed those parts of the judgment awarding child support and alimony and dividing the marital property and debts. The court held that the award of child support was not supported by the evidence because, it said, there was no evidence as to the reasonable and necessary needs of the children. Thus, the court concluded that it could not "tell if the child-support award is sufficient, insufficient, or even necessary." Id. at 306. The court further held "that the [circuit] court abused its discretion in its award of alimony and its division of the marital property." Id. at 307. Because it "reversed those portions of the judgment awarding alimony and dividing the marital property, [the court] also remand[ed] those portions of the judgment dividing the marital debts so that the [circuit] court [would] have available all components in order to fashion an equitable division between the parties." Id. at 307.
 II.
The husband argues that the Court of Civil Appeals erred in reversing those portions of the circuit court's judgment awarding alimony and dividing the marital property.[1] "In reviewing the [circuit] court's judgment in a divorce case presented oretenus, we will presume the judgment to be correct . . . ." Ex parteJackson, 567 So.2d 867, 868 (Ala. 1990). Furthermore, rulings on such matters as child support, alimony, division of marital property, and payment of marital debts are within the discretion of the circuit court. See id. Thus, a circuit court's divorce judgment, including its rulings on these matters, will not be reversed unless it is so unsupported by the evidence that it is plainly and palpably wrong and a clear abuse of discretion. SeeEx parte Smith, 673 So.2d 420, 421 (Ala. 1995); Ex parteJackson, 567 So.2d at 868; see also Hartselle v. Hartselle,475 So.2d 860, 861 (Ala.Civ.App. 1985) ("The cases are legion which hold that matters in divorce cases, such as the division of property and child custody, are subjects that fall within the sound judicial discretion of the [circuit] court."). Moreover, an appellate court reviewing a circuit court's judgment in a divorce action is not to substitute its judgment of the facts for that of the circuit court. See Ex parte Smith, 673 So.2d at 422. Instead, the appellate court is "simply to determine if there was sufficient evidence before the circuit court to support its decision against a charge of arbitrariness and abuse of discretion." Id.
A court has no fixed standard to follow in awarding alimony or in dividing marital property. Rather, the award or division need only be equitable and be supported by the particular facts of the case. See Antepenko v. Antepenko, 549 So.2d 1357, 1359
(Ala.Civ.App. 1989); Hutchinson v. Hutchinson, 474 So.2d 104, 105
(Ala.Civ.App. 1985); Nowell v. Nowell, 474 So.2d 1128, 1129-30
(Ala.Civ.App. 1985). "[T]he [circuit] court should consider several factors, including the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage."[2] *Page 312 Nowell, 474 So.2d at 1129; accord Antepenko, 549 So.2d at 1359 (listing the same factors, but adding another: "the parties' potential for maintaining [their] standard of living after the divorce"). Moreover, "[i]t has long been recognized in Alabama that the primary purposes of periodic alimony are: (1) to preserve the economic statusof the parties that existed during the marriage; and (2) to provide support to the dependent former spouse." Kahn v. Kahn,682 So.2d 1377, 1380 (Ala.Civ.App. 1996) (emphasis added) (citations omitted).
The Court of Civil Appeals examined this issue and summarily stated: "We have reviewed the record, and, under the circumstances of this case, we conclude that the [circuit] court abused its discretion in its award of alimony and its division of marital property." Elliott, 782 So.2d at 307. We disagree. The husband and the wife were married for 25 years. Comparing the husband's age and poor health; his lack of a college degree; his less-than-certain future-employment prospects, given his sporadic work history; his expected income of $50,000 per year; and his custody of the three children, to the wife's education, future-employment prospects, and expected income of more than $100,000 per year, we cannot say the circuit court abused its discretion in its award of periodic alimony or in its division of the marital property. Thus, we must conclude that the Court of Civil Appeals impermissibly "substitute[d] its judgment of the facts for that of the circuit court." Ex parte Smith, 673 So.2d at 422.
 III.
The Court of Civil Appeals erred in reversing the circuit court's award of alimony and its division of the marital property. Accordingly, we reverse the judgment of the Court of Civil Appeals insofar as it relates to those two items and remand the case for the Court of Civil Appeals to enter an order consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] The husband does not challenge the Court of Civil Appeals' reversal of the trial court's award of child support. The wife did not seek certiorari review of that portion of the Court of Civil Appeals' judgment affirming the trial court's award of custody. Accordingly, we express no opinion as to the judgment of the Court of Civil Appeals on these issues.
[2] Although the trial court can, in appropriate situations, consider the conduct of the parties in causing the divorce, see Antepenko v. Antepenko, 549 So.2d 1357, 1359
(Ala.Civ.App. 1989), this factor is irrelevant in this case because the parties presented no evidence suggesting that any misconduct led to the breakdown of the marriage.