PITTMAN, Judge.
Eugene Cannon (“the husband”) and Dorothy Cannon (“the wife”) were divorced on July 7, 2000. On June 13, 2001, the husband filed a “Motion for Order to Show Cause” to require the wife to execute a quitclaim deed, which he alleged was a condition contained in the settlement agreement that had been incorporated into the divorce judgment. On June 14, 2001, the wife filed a “Motion for Contempt or to Show Cause” to require the husband to pay $30,000 she alleged was due under the terms of the settlement agreement. On July 13, 2001, the wife filed a “Counter Petition for Contempt or to Show Cause” requesting again that the husband be required to pay her $30,000 and that the matter be set for a hearing.
On October 25, 2001, following an ore tenus proceeding, the trial court ordered, in part:
“2. A judgment is entered on behalf of the former wife ... in the amount of $30,000.00 plus interest from June 5th, 2001 upon which execution may lie.
“3. The former wife ... is placed in possession of the marital residence ... and shall remain in possession of said property until said $30,000.00 is paid along with any and all interest owed on said $30,000.00.
“4. The former wife ... is not required to execute any Deeds to the former husband until such time as he purges himself from said contempt and pays the $30,000.00 owed plus interest on said $30,000.00.”
The husband appeals, contending that the trial court erred in modifying the divorce judgment on the wife’s motion, which was filed more than 30 days after the entry of the divorce judgment.
Paragraph 2(a) of the settlement agreement incorporated into the divorce judgment provides:
“With regard to the home located at Route 1 Box 151, Union Springs, Alabama and currently in the [hjusband’s name and financed through GE Capitol Mortgage Company, shall be vested with the [hjusband with the [w]ife executing necessary deeds and documents to convey said property to the [hjusband.... The parties further agree [t]o sell the home residence and to equally divide the *1221 equity involved. The asking price for the home is $65,000.00 and the parties agree to take no less than $60,000.00. If after one year has passed and the house has not sold, [h]usband agrees to pay [w]ife $30,000.00 for her equity in said house and land.”
The husband contends the court made an impermissible modification of the parties’ settlement agreement. Specifically, he argues that the trial court could not order the wife to take possession of property of which he is the vested owner until he pays her $30,000. He claims that the most the wife is entitled to is a judgment for $30,000. We agree.
The wife contends the trial court did not modify the terms of the settlement agreement; she claims that it only interpreted the terms of the settlement agreement. The wife testified that she had not executed a deed to her husband for the land specified in the settlement agreement, and that he had failed to pay her the $30,000 as required in the agreement. When asked by the court if the wife was seeking occupancy of the marital home, the wife’s attorney stated: “No, sir, we had not asked for that originally in the petition. We just basically ask for the $30,000 to be paid.”
In this case the question on appeal is a question of law; therefore, the ore tenus rule does not apply; our review is de novo. Ex parte Perkins, 646 So.2d 46 (Ala.1994). Furthermore, “[a] court cannot modify property provisions, except to correct clerical errors, after 30 days from the final judgment.” Hamilton v. Hamilton, 647 So.2d 756, 759 (Ala.Civ.App.1994). Here, the divorce judgment incorporated the parties’ settlement agreement that vested the husband with title to the real property with the wife to receive $30,000 within one year as payment for her equity in the property. Accordingly, the agreement identifies the parties’ unambiguous intent regarding the property. Therefore, the trial court was prohibited from making changes to the express provisions. The trial court’s judgment is reversed to the extent that it modified a property division 30 days after the judgment had been entered.
The wife’s request for an attorney’s fee is denied.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.