THOMAS, Judge,
concurring in part and dissenting in part.
I concur with the conclusions reached in Parts I, II, III, and V of the “Discussion” section of the main opinion; I respectfully dissent regarding the conclusions reached in Part IV — addressing the issue of child support. The judgment of the Madison Circuit Court (“the trial court”) reads, in pertinent part:
“9. The Court finds that application of the Child Support Guidelines of Rule 32 of the Alabama Rules of Judicial Administration in this matter would be manifestly unfair or inequitable because of the joint physical custody arrangement of the order. Because of the joint custody order in this case, neither party shall pay the other an amount for the support and maintenance of the said minor child. Each party shall be responsible for and provide for the day-to-day care and support of the child during his or her respective periods of joint physical custody. The parties shall each be responsible for and pay one-half (1/2) of all expenses fob their child, including, but not limited to, medical, education and extracurricular activities.”
I recognize that Rule 32(A)(1)(a), Ala. R. Jud. Admin., acknowledges that, among other reasons, shared physical custody may be a reason for deviating from the child-support guidelines. However, Rule 32(A)(1) further notes that “[t]he existence of one or more of the reasons enumerated in this section does not require the court to deviate from the guidelines.” “Actions concerning child support, although guided by the mandatory application of Rule 32, are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent an abuse of discretion.” Hamilton v. Hamilton, 647 So.2d 756, 758 (Ala.Civ.App.1994).
Due to the large disparity in the parties’ incomes, I believe that the trial court abused its discretion by concluding that requiring Michael James Bonner (“the husband”) to pay child support was manifestly unjust or inequitable even in light of the parties’ assertions that they will continue to live in the marital residence. The husband did not request that the trial court deviate from the child-support guidelines, nor did he offer any evidence indicating that he could not afford to pay child support. Thus, based upon my review of the record, I do not perceive sufficient evidence demonstrating that the application of the child-support guidelines was manifestly unjust or inequitable under the particular facts of this case. See Preda v. Preda, 877 So.2d 617, 622 (Ala.Civ.App.2003) (reversing a trial court’s judgment ordering child support in an amount less than that resulting from application of the child-support guidelines because the father in that case had not demonstrated that he was unable to afford the child-support obligation that resulted from the application of the guidelines).
For the forgoing reasons, I would reverse the trial court’s judgment insofar as it failed to award child support, and I would remand the cause to the trial court to establish the husband’s child-support obligation based on the application of the child-support guidelines.