Rel: May 23, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0904

_____

## H.D.

## v.

## D.B.

## Appeal from Cullman Juvenile Court
## (CS-10-98.01)

PER CURIAM.

H.D. ("the mother") appeals from a judgment of the Cullman Juvenile Court ("the juvenile court") insofar as it deviated from the child-support guidelines set out in Rule 32, Ala. R. Jud. Admin., by declining to award child support, and then failed to provide written findings

regarding why it had deviated from those guidelines. For the reasons set forth herein, the judgment is reversed.

Background

The mother and D.B. ("the father"), who were never married, had a child in 2010. The juvenile court adjudicated the father's paternity in August 2012, and, at that time, it awarded the parties joint legal and joint physical custody of the child and ordered the father to pay the mother child support in the amount of $500 per month.

On November 10, 2023, the mother filed in the juvenile court a petition seeking an order holding the father in contempt, alleging, among other things, that he had not paid child support for more than nine years. She alleged that his child-support arrearage was more than $50,000. The mother asked the juvenile court to order the father to pay the arrearage amount, plus interest, and to pay child support in an amount in compliance with the child-support guidelines set forth in Rule 32. Contemporaneously with her petition, the mother submitted a Form CS-41 Child Support Obligation Income Statement/Affidavit indicating that she earned $4,603 per month working for the Cullman City Schools.

On November 16, 2023, the father answered the mother's petition and filed a counterclaim seeking sole custody of the child. He also sought a modification of the child-support award, asking that the child-support obligation be calculated pursuant to the child-support guidelines in Rule 32.

The juvenile court held a trial over the course of three days in May, August, and October 2024. On the last day of the trial, the mother testified that she no longer worked for the Cullman City school system and that she had become a realtor. She said that she had not yet earned any income as a realtor in 2024. Her federal Form W-2 Wage and Tax Statement showed that she had earned $50,650 in 2023, and she testified that she was capable of earning that amount in the future.

The father testified that he earned $7,583 per month. At trial, he submitted as exhibits Form CS-42 Child Support Guidelines forms that calculated his child-support obligation using different incomes for the mother. On the first CS-42 form, he imputed minimum wage to the mother, showing her with a monthly income of $1,258. Based on that amount, the father calculated his monthly child-support obligation to be $537.67. On the second CS-42 form, the father calculated his child-

support obligation to be $166.67, using $4,220 as the mother's monthly income. The record does not contain a Form CS-41 child-support income affidavit for the father.

On November 14, 2020, the juvenile court entered a judgment that, among other things, awarded the parties joint legal and joint physical custody of the child, with physical custody rotating between the parties week to week. Regarding child support, the juvenile court found the father $54,000 in arrears for his child-support obligation, plus an additional $18,203 in interest, and directed the father to pay the mother $500 per month until the total arrearage, including interest, was paid in full. The juvenile court then directed that, "[p]ursuant to the custodial arrangement ordered in this cause, no current child support shall be required from either party." The judgment did not contain factual findings related to the issue of child support, and the record does not contain a Form CS-42 completed by the juvenile court calculating the parties' respective child-support obligations.

The mother filed a motion to alter, amend, or vacate the judgment on November 15, 2024. The juvenile court denied that motion the same day. The mother timely appealed to this court.

4

<u>Analysis</u>

The only issue the mother raises on appeal is whether the juvenile court failed to comply with the child-support guidelines set forth in Rule 32 when it deviated from the child-support guidelines by declining to order the father to pay child support but failed to set forth in writing its reasons for deviating from those guidelines.

This court recently addressed this issue under the same circumstances as those in this case in <u>Sampson v. Coachman</u>, [Ms. CL-2023-0856, Sept. 20, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). In <u>Sampson</u>, a divorce case, the trial court awarded the husband and the wife joint legal and joint physical custody of their children and determined that neither parent was required to pay child support to the other. After pointing out that the application of the Rule 32 child-support guidelines is mandatory and that the calculation of a parent's child-support obligation under the guidelines is presumed to be correct, we held that that "'presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the guidelines would be manifestly unjust or inequitable.' <u>Hutchins v.</u>

Hutchins, 637 So. 2d 1371, 1374 (Ala. Civ. App. 1994); Rule 32(A)(ii), Ala. R. Jud. Admin." Id. at ___.

This court went on to explain that, when a trial court awards parents joint physical custody, it is not mandatory that one parent pay child support to the other. However, we continued, "'"any deviation [from the Rule 32 child-support guidelines] is improper if it is not justified in writing."' R.N.P. v. S.W.W., 389 So. 3d 1215, 1223 (Ala. Civ. App. 2023) (quoting J.M. v. D.V., 877 So. 2d 623, 630 (Ala. Civ. App. 2003))." Sampson, ___ So. 3d at ___. When a trial court does not follow the Rule 32 child-support guidelines in awarding -- or not awarding -- child support and then fails to make a written finding that application of those guidelines would be unjust or inequitable, this court will reverse the judgment. Id. at ___.

In Sampson, we determined that the trial court deviated from the Rule 32 child-support guidelines when it declined to order either parent to pay child support and that it did not include a written finding explaining how the application of those guidelines would have been unjust or inequitable. Therefore, we reversed the judgment and directed the trial court to comply with Rule 32. Id. at ___.

6

Here, although the juvenile court indicated in its judgment that it was not ordering either parent to pay child support to the other because it had awarded them joint physical custody, which is a deviation from the Rule 32 child-support guidelines, it failed to make a written finding that to award either party child support would be unjust or inequitable. Therefore, on the authority of Sampson, we reverse the judgment and remand the case for the juvenile court to enter a new judgment that either awards child support in the amount called for in the Rule 32 child-support guidelines or explains in writing why such an award is unjust or inequitable.

## Conclusion

The judgment of the juvenile court is reversed, and the cause is remanded for the trial court to comply with the requirements of Rule 32.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards and Hanson, JJ., concur.