THOMPSON, Presiding Judge.
 

 On May 8 or May 4, 2010, the St. Clair Circuit Court entered a judgment divorcing Barbara Jean Patterson (“the wife”) from Raymond Lindsey Patterson (“the husband”). On June 1, 2010, the wife filed a motion that she titled “Petition to Modify Decree.” In her motion, she argued, among other things, that the trial court should have awarded alimony to her, should have awarded half of the husband’s retirement income to her, and should have awarded an attorney’s fee to her; she did not contend that there had been a change in circumstances over the preceding month that justified a modification of the divorce judgment. A certificate of service attached to the motion indicated that it had been served on counsel for the father. The court clerk assigned the wife’s filing a new case number (DR-09-12000.01) and assigned the case to a judge other than the
 
 *700
 
 judge who had presided over the parties’ divorce action.
 

 On July 1, 2010, the judge who had presided over the parties’ divorce action entered an order in which he indicated that the circuit clerk had assigned an incorrect case number to the wife’s motion. He ordered the clerk to assign a “.01” designation to the original divorce action (case number DR-09-12) and to transfer the wife’s motion to him. He also ordered that the husband be served with a copy of the motion, and he set the motion for a hearing on August 23, 2010.
 

 On the day set for the hearing on the motion, the husband filed an answer in which, among other things, he argued that there had been no material change in circumstances that would warrant a modification of the divorce judgment.
 

 On August 26, 2010, the trial court entered a judgment in favor of the husband that provided, in pertinent part:
 

 “1. These parties were divorced after a trial on May 3, 2010.
 

 “2. The relief sought in [the wifej’s petition to modify all address items contained in the May 2010 divorce decree. From that divorce decree no motion to alter, amend or vacate nor was any appeal taken [sic].
 

 “3. Therefore, the [wife]’s petition to modify filed less than one month following the final order is dismissed as it alleges no change in circumstances such as were not present at the time of the original divorce.”
 

 The wife filed a timely appeal.
 

 On appeal, the wife argues that the trial court erred in treating her motion as a petition to modify the divorce judgment rather than as a motion to alter, amend, or vacate that judgment. She argues that she “should not be penalized for the inadvertence and/or mistake of her attorney in wrongfully styling a motion to alter, amend, or vacate as a petition to modify” and that, given the time of the filing of the motion and the arguments contained therein, it was clear that the wife’s June 1, 2010, motion was intended to be a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the divorce judgment.
 

 This court is committed to the proposition that a party’s pleadings and motions should be treated according to their substance rather than their titles.
 
 See Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C.,
 
 35 So.3d 601, 604 (Ala.2009) (“It is well settled that ‘[t]his Court will look at the substance of a motion rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure.’ ” (quoting
 
 Pontius v. State Farm Mut. Auto. Ins. Co.,
 
 915 So.2d 557, 562-63 (Ala.2005)));
 
 Ex parte Publix Super Markets, Inc.,
 
 963 So.2d 654, 659 (Ala.Civ.App.2007) (“[I]t is the substance, not the title, of a motion that determines its character.”). In the present case, it is apparent from the substance of the wife’s June 1, 2010, motion that the intent of that motion was to serve as a request, pursuant to Rule 59(e), Ala. R. Civ. P., that the trial court alter, amend, or vacate its judgment divorcing the parties. The wife did not allege a change in circumstances since the entry of the divorce as would have been necessary to support a petition to modify a divorce judgment,
 
 see Thompson v. Thompson,
 
 650 So.2d 928, 930 (Ala.Civ.App.1994); instead, she stated grounds that would support relief under Rule 59(e) by asserting that the divorce judgment itself had been wrongly decided. Furthermore, in accordance with Rule 59(e), the wife filed the motion less than 30 days after the entry of the divorce judgment.
 

 The trial court improperly treated the wife’s June 1, 2010, motion according to its title rather than its substance. Thus, we reverse the trial court’s denial of the wife’s
 
 *701
 
 postjudgment motion, and we remand the cause to the trial court to either grant or deny the wife’s postjudgment motion, treating that motion as one filed pursuant to Rule 59(e), Ala. R. Civ. P., rather than as a petition to modify the divorce judgment. For purposes of Rule 59.1, Ala. R. Civ. P., the wife’s Rule 59(e) motion shall be deemed to have been filed on the date this court issues its certificate of judgment in this cause. We pretermit discussion of the wife’s remaining appellate contentions.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.